No. 1,726.

## GALBRAITH ET AL. *v.* HOLMES ET AL.

CONTRACT.—*Statute of Frauds.*—An agreement to apply a precedent debt in payment of goods exceeding $50.00 in value, purchased under an oral contract, will not take the transaction out of the operation of the statute of frauds, unless a receipt or credit is actually given.

SAME.—*Statute of Frauds.*—*Delivery.*—An agreement by a seller of a carload of wheat, by an oral contract, to ship the same to such point as the purchasers should designate, and send the bill of lading to them, accompanied by a delivery of sacks in which to ship back to him flour agreed to be taken in part payment, is not such a delivery as will take the contract out of the statute of frauds.

PRACTICE.—*Jury.*—*Directing Verdict.*—If there be any evidence having any legal weight upon any controverted fact, the parties are entitled to go to the jury thereon.

From the Decatur Circuit Court.

*C. Ewing* and *D. Wilson,* for appellants.

*S. A. Bonner, M. D. Tackett, B. F. Bennett, M. C. Jenkins* and *J. H. Parker,* for appellees.

LOTZ, J.—The appellants sued the appellees to recover the possession of a carload of wheat. On the trial of the cause appellants gave evidence which tended to prove these facts: The appellants were millers engaged in manufacturing flour and corn meal. The appellee, Calvin Holmes, was a dealer in grain, wheat and flour. The appellants had sold to Holmes a bill of flour and there was a balance due from him to them of $109.40. This balance was represented in an open account. The appellants' mill was situated at the town of Burney, and Holmes did business at a place known as Letts Corner, the two places being several miles apart. On the 29th of October,

1894, the appellants called upon Holmes, at his place of business, and proposed to buy of him a carload of wheat at 46 cents per bushel, and to give in payment therefor the account and other flour and cornmeal at prices and in quantities sufficient to pay for the whole of the carload of wheat. Holmes stated that he had a carload of wheat at Brewersville, another station on the railroad several miles distant; that he would accept the proposition and let them have the carload at Brewersville. It was agreed that Holmes should ship this carload to such point as appellants might designate, and send the bill of lading to them. Holmes also furnished appellants with sacks in which to ship the flour to him, and appellants took such sacks with them to their mill. No note, contract, or memorandum of this transaction was made and signed by any of the parties, nor was there any receipt given for the account, nor any entry or credit therefor ever made upon the books of appellant; nor did the appellants, before the bringing of this suit, ever obtain the actual possession of this carload of wheat, nor did they ever deliver any flour or meal or give anything of value to Holmes as a part of such transaction or in pursuance of such contract. On the next day after the transaction, Holmes made an assignment of his property for the benefit of his creditors, and the carload of wheat came into the possession of his assignee at the station of Brewersville.

At the conclusion of the evidence, the court instructed the jury to return a verdict for the appellees. The appellants insist that this action of the court was erroneous; that the question of whether or not there was a valid and enforcible contract entered into should have been left to the jury.

The general rule is that if there be any evidence having any legal weight upon any controverted fact,

the parties are entitled to go to the jury thereon. It is also settled that the court may in all proper cases direct the verdict. The instruction of the trial court in this case was evidently based upon the theory that the contract came within the statute of frauds. Section 6635, R. S. 1894 (4910, R. S. 1881), provides that "No contract for the sale of any goods, for the price of $50.00 or more, shall be valid, unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain or in part payment, or unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

The appellant insists that the contract is taken out of the operation of this statute for two reasons: (1) That the agreement to credit the amount due from Holmes to them operated as a partial payment; and (2) that there was in legal effect a delivery of the carload of wheat to them.

Anything, however small in value, which is given in earnest or part payment will take the transaction out of the statute. But an agreement to apply a precedent debt in payment will not relieve the transaction from the operation of the statute unless a receipt or credit is actually given. In Story on Sales, section 273, the rule is stated thus: "And an agreement to accept, as part payment, a debt before due from the vendee, independent of the transaction, does not satisfy the statute, for this is nothing more than a payment of the previous debt in part of the goods, with a sale of the remainder. In such a case the agreement to accept the debt in payment is a portion of the contract itself, and is not an act of part-payment done in furtherance of it, and therefore is open to all the ob-

Galbraith *et al.* v. Holmes *et al.*

jections which the statute was intended to prevent.
Where a sale of goods is made on an agreement that
the price shall be applied to the payment of a pre-
cedent debt, such price must be actually applied by
receipt or otherwise, in order to bring it within the
exception in the statute."

Was there such a delivery of the car of wheat as
prevented the operation of the statute?　The vendor
may sell the property and retain the possession for
the vendee as his agent, and such a delivery will be
valid, but to do so there must be an agreement to that
effect.　Holmes did not put the appellants into pos-
session, nor was there any agreement that he should
retain the possession for them.　His control or domin-
ion over the property had not entirely ceased.　He
was required to "bill the car out" and send the bill of
lading to the appellants.　Until this was done the con-
tract was still executory.

The appellants rely very confidently upon the
cases of *Bertelson* v. *Bower*, 81 Ind 512, and *Martz* v.
*Putnam*, 117 Ind. 392, and insist that according to the
principles there announced this sale is taken out of
the statute.　Those cases differ very materially from
the one at bar.　In each of those cases there had been
a partial performance of the contract, a part of the
goods had been delivered and paid for, and, of course,
the transactions were relieved from the operation of
the statute.

Nor do we attach any importance to the fact that
Holmes delivered sacks to the appellants in which to
ship the flour.　This was a matter for his own accom-
modation, and was not part payment.

In our opinion there was nothing in the transaction
that took it out of the statute.　There was therefore
no error in directing the verdict.　See *Noakes* v. *Morey*,

30 Ind. 103; *Krohn* v. *Bantz*, 68 Ind. 277; *Hudnut* v. *Weir*, 100 Ind. 501; *Dehority* v. *Paxson*, 97 Ind. 253. Judgment affirmed.

GAVIN, C. J., did not participate in this decision.

Filed April 14, 1896.