CHARLES H. DIECKMAN, Appellant, v. JOHN E. YOUNG, Respondent.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Pleading: GENERAL DENIAL, EVIDENCE.** Where plaintiff alleged ownership to property in himself, and this is negatived by a general denial, it is competent for the defendant to sustain his side of the issue so joined by evidence of ownership in himself, for in so doing he merely controverted a fact which plaintiff was bound to prove in order to sustain his action.

2. **Statute of Frauds: PAYMENT: SALE.** Where there is evidence that payment was made at the time of sale of personal property, by the giving of a credit on notes of the vendor which were held by the vendee, such a sale is not within the prohibition of the statute of frauds (Revised Statutes 1899, section 3418).

3. **Possession: EXECUTORY SALE, VENDOR: VENDEE: STATUTORY CONSTRUCTION.** Plaintiff is in no position to invoke the statutory requirement as to change of possession as provided by section 3410, Revised Statutes 1899, where the evidence tends to show that plaintiff's purchase of personal property was made with actual knowledge of the prior executory sale to defendant.

4. **Sale, when complete.** In the case at bar, the facts and circumstances furnish a sufficient basis for an inference of the assent of plaintiff to the measurement of the corn sold.

5. **Practice, Trial: PRACTICE, APPELLATE: ERROR: RECORD.** While it is true that all errors occurring on the trial are presumptively prejudicial, it is equally well settled that this presumption loses its force when it appears from an examination of the entire record that the errors complained of were non-prejudicial to the appellant.

Appeal from Warren Circuit Court.—*Hon. Elliot M. Hughes,* Judge.

AFFIRMED.

*Kurt Von Reppert* and *Christian F. Schneider* for appellant.

(1) If defendant rests on any fact not included in the petition he must plead it specially. R. S. 1899, sec. 604; R. S. 1889, sec. 20-49; Hudson v. Railroad, 101 Mo. 29; Guinotte v. Ridge, 46 Mo. App. 254; Northrop v. Ins. Co., 47 Mo. 444. (2) The alleged sale from Rammelkamp to Young is within the statute of frauds and must be evidenced by some memorandum in writing. R. S. 1899, sec. 3419; Ringer v. Holtzclaw, 112 Mo. 523; Smith v. Schell, 82 Mo. 215. (3) And the objection may be made, at the time of the introduction of testimony. Dunn v. McClintock, 64 Mo. App. 193. Change of possession must be open, notorious and unequivocal, and delivery must be made within a reasonable time, so as not to mislead the public. R. S. 1889, sec. 3410; State ex rel. v. Goetz, 131 Mo. 675; Claflin v. Rosenberg, 131 Mo. 449; Suppacher v. Saunders, 74 Mo. App. 475. (4) Where goods are sold and some act remains to be done, as that of measuring the performance of such act, is a prerequisite to the consummation of the contract, and until it is performed the property does not pass to the vendee. 21 Am. and Eng. Ency. of Law, p. 634b; Ober v. Carson, 62 Mo. 209; Hackett v. Watts, 138 Mo. 502. (5) The alleged sale to Young, and under which he claims, was void, because not delivered to vendee nor received by him, under the statute of frauds. R. S. 1899, sec. 3419 (R. S. 1889, chap. 39); Faby v. Gordon, 133 Mo. 420; Cunningham v. Ashbrook, 20 Mo. 554.

*L. Rummons* and *Peers & Morsey* for respondent.

(1) The errors complained of, are first, the admission of evidence of the purchase by respondent, under the plea of

general denial. This point is not well taken. It is so well settled in this State that under a plea of general denial everything may be shown which goes to contradict the allegations of the petition, that it is useless to cite authorities or take the time of the court discussing the proposition. (2) The three next assignments are that the sale of the corn to respondent Young, was within the statute of frauds because no memorandum in writing was made at the time. These assignments are not good, for the reason that the "earnest," to-wit, the full purchase price was paid at the time, by credit entered on the debts represented by said judgments due from Rammelkamp to respondent Young. See section 3419, Revised Statutes 1899. At any rate the appellant, with full knowledge of the former sale and delivery of the corn in controversy, is not in position to invoke the statute of frauds or claim the benefit thereof; besides, the statute of frauds can not avail appellant, he being no party to the contract of sale from Remmelkamp to respondent Young. Autman v. Booth, 95 Mo. 386; Maybee v. Moore, 90 Mo. 343.

BOND, J.—This action is for conversion of a crib of corn. The defense was that plaintiff was not the owner of the corn, but that it belonged to defendant. On the trial defendant had judgment. Plaintiff appealed.

I. The first point made by appellant is that the general denial did not authorize the defense of the ownership of the corn by defendant. The plaintiff had alleged ownership in himself; this was negatived by the general denial. It was competent for defendant to sustain his side of the issue so joined by evidence of ownership in himself, for in so doing he merely controverted a fact which plaintiff was bound to prove in order to sustain his action.

II. It is next urged that the sale, by which defendant

undertook to show title in himself to the corn, was within the prohibition of the statute of frauds. This point is untenable, since there was evidence that payment was made at the time of the sale by the giving of a credit on the notes of the vendor which were held by the vendee, the defendant. R. S. 1899, sec. 3418.

III. It is also urged that there was no such visible change of possession of the corn under the contract of purchase by defendants as to validate the sale against the subsequent purchase of plaintiff from the same vendor. There might be some force in this contention, if the evidence did not tend to show that plaintiff's purchase was made with actual knowledge of the prior executory sale to defendant. Under that view of the case, plaintiff was in no position to invoke the statutory requirement as to change of possession. R. S. 1899, sec. 3410.

IV. It is further contended that the sale agreement between defendant and the common vendor was incomplete in that there was no evidence of the measurement of the corn by the persons selected for that task. It did appear from the evidence that the seller was informed of the fact that an actual measurement by two other parties was made; that he gave them his assistance in this work and afterwards made a complete settlement of his indebtedness to defendant, growing out of several transactions, by taking into account in such settlement the allowance to him of a credit for the crib of corn, based upon the measurement actually made. These facts and circumstances furnish a sufficient basis for an inference of his assent to the measurement of the corn, which was actually made.

V. It is finally urged that irrelevant testimony of previous dealings of the defendant and his vendor was admitted. This point is not properly presented in the brief by reference to the testimony complained of, and we might well decline to give it any consideration for that reason, but we have carefully ex-

amined the entire record, and while it does disclose incautious admissions of collateral matters, it bears out the further conclusion that these misreceptions were harmless error.   It is true that it has been said that all errors occurring on the trial are presumptively prejudicial, but it is equally well settled that this presumption loses its force when it appears from an examination of the entire record that the errors complained of were non-prejudicial to the appellant.

The judgment herein is affirmed.   All concur.