Argued 14 November;  decided 16 December, 1901.

## MILOS *v.* COVACEVICH.

[66 Pac. 914.]

SALE—PAYMENT OF PRIOR DEBT—STATUTE OF FRAUDS.

1.  An oral agreement to pay and receive personal property worth more than $50 in payment of an antecedent debt is within the requirement of the statute of frauds and void.

RECEIPT AS A CONTRACT—PAROL EVIDENCE.

2.  A mere receipt is always open to parol explanation, but when it is also the expression of a contract, it is subject to the same rules as other contracts.

From Multnomah:  ALFRED F. SEARS, JR., Judge.

This is an action by Mark Milos against Peter Covacevich to recover $225 for the breach of a contract to deliver a fishing net. The facts, as disclosed by the pleadings and testimony on behalf of the plaintiff, are, in substance, that on March 28, 1898, the plaintiff and defendant had an accounting and settlement as to the balance then due plaintiff for labor and services theretofore performed for the defendant, as a result of which it was orally agreed that the defendant should, in payment of such balance, deed to the plaintiff a certain lot in Portland, of the estimated value of $500, pay him $100 in money upon the happening of a certain contingency, and deliver to him a fishing net, of the alleged value of $225, at the close of the fishing season, and plaintiff agreed to receive and accept such property in full settlement thereof. On March 30 the defendant, in pursuance of this agreement, conveyed to the plaintiff, by warranty deed, the lot referred to, and received a receipt, of which the following is a copy:

"Portland, Or., March 30, 1898.

"Received of Peter Covacevich warranty deed to lot of 50x100 feet on Division and Thirty-second streets, the said conveyance being in full payment of all labor and services rendered by me for the said Covacevich, with the understanding that I am to receive an additional one hundred dollars when the remainder of the four (4) acre tract owned by the said Covacevich on Division Street is sold.

"[Signed]        MARK MILOS.

"Witness:

"J. E. D. SMITH."

The defendant refused to deliver the net, and this action was brought to recover its value. At the close of plaintiff's testimony the defendant moved for a nonsuit on the ground that the contract was within the statute of frauds, and void. The motion was overruled, and plaintiff had judgment, from which the defendant appeals.        REVERSED.

For appellant there was a brief over the names of *James Thorburn Ross, Wm. Ambrose Munly, Ephraim Baynard Seabrook,* and *John Kosciusko Kollock,* with an oral argument by *Mr. Munly.*

For respondent there was a brief over the name of *Davis, Gantenbein & Veazie,* with an oral argument by *Mr. Arthur Lyle Veazie.*

MR. CHIEF JUSTICE BEAN, after making the foregoing statement of the facts, delivered the opinion of the court.

1.   The agreement of the defendant to deliver the fishing net to the plaintiff in part payment of the balance due him for services was a contract for the sale of personal property within the statute of frauds, and void, unless the agreement of the plaintiff to accept the same in part payment and satisfaction of his indebtedness is to be deemed a payment within the meaning of the statute.   Section 785, Hill's Ann. Laws, provides that an agreement for the sale of personal property at a price not less than $50, unless the buyer accept and receive some part of such property, or pay at the time some part of the purchase money, is void, unless the same, or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged.   It is quite well settled that an oral argument to deliver goods exceeding $50 in value in payment of an antecedent debt is within such statute, and the mere oral agreement of the creditor that the goods shall go in settlement of the debt is not sufficient to satisfy its requirement.   Unless the contract is in writing, the statute requires something more than mere words, however carefully they may be considered.   There must be acts which, in the nature of things, are less open to misconstruction and misunderstanding.   If payment is relied on, it must be made in money or property, or in the actual discharge, in whole or in part, of some antecedent debt.   A mere agreement to apply the purchase money on the debt will not suffice, because the contract would still rest in words, and nothing more.   There must be an actual cancellation and discharge of the indebtedness on the books of the creditor, or a written receipt executed by him, or some other like unequivocal act, not resting in mere words, which will bind him, and put it

40 OR.—16.

into the power of the debtor to enforce the contract: *Matthiessen Refining Co.* v. *McMahon's Adm'r,* 38 N. J. Law, 536, is a good illustration of the rule. The contract there under consideration was an agreement by the defendant to sell to the plaintiff certain goods in payment of his indebtedness, the property in them to pass to the purchaser immediately. No note or memorandum of the contract was made or signed, but it was contended that the requirements of the statute of frauds had been complied with by payment of the contract price. As stated by the court, the question presented for decision was "whether an agreement in parol by the seller to sell and the buyer to buy goods to the value of an existing debt, and thereby satisfy and pay the debt, is a valid sale within the statute, though there be no delivery of the goods, and no receipt or voucher be given as evidence of the discharge of the indebtedness." After a reference to the authorities, and especially to *Walker* v. *Nussey,* 16 Mees. & W. 302, which it is said has been adopted without dissent in the text-books (Benjamin, Sales, 139; Story, Sales, § 273a; 1 Chitty, Cont. 564; 3 Parsons, Cont. 52), the court, speaking through Mr. Justice DEPUE, says: "The principle which underlies the cases cited, and on which they rest, is that where no written evidence of the contract is made, and payment is relied on as the compliance with the satute, mere words are not sufficient. Some act in part performance or part execution of the contract, such as the surrender or cancellation of the evidence of the debt, or a receipt or discharge of the indebtedness, is necessary to make the contract valid." To the same effect, see 1 Reed, St. Frauds, § 231; Browne, St. Frauds (4 ed.), § 342a; *Brabin* v. *Hyde,* 32 N. Y. 519; *Gorman* v. *Brossard,* 120 Mich. 611 (79 N .W. 903); *Norwegian Plow Co.* v. *Hanthorn,* 71 Wis. 529 (37 N. W. 825).

This doctrine is admitted by the plaintiff, but his contention is that the receipt executed by him two days after the alleged agreement was a sufficient payment to take the cause out of the statute. The statute requires the payment to be made at the time of the agreement, and it is doubtful whether

a subsequent payment will suffice, unless it is made for the express purpose of complying with the statute, or at a time when the parties substantially restated or reaffirmed the terms of the contract: 1 Reed, St. Frauds, §§ 226, 227.

2. But, however this may be, if the receipt is to be considered as evidence of the contract for any purpose, it seems to us there is no evading the conclusion that it must be held to embody all the terms thereof. A mere receipt is always open to explanation, and may be varied by parol, because it is simply an admission or declaration in writing; but, where it also embodies the elements of a contract, the latter is subject to the same rules as any other contract: 19 Am. & Eng. Ency. Law (1 ed.), 1123, and notes; *Conant* v. *Kimball's Estate,* 95 Wis. 550 (70 N. W. 74); *Jackson* v. *Ely,* 57 Ohio St. 450 (49 N. E. 792); *James* v. *Bligh,* 11 Allen, 4; *Egleston* v. *Knickerbacker,* 6 Barb. 458; *Coon* v. *Knap,* 8 N. Y. 402 (59 Am. Dec. 502); *Goodwin* v. *Goodwin,* 59 N. H. 548. By the writing in question, binding on the plaintiff by his signature and on the defendant by its acceptance, it is ,in effect, agreed that the execution and delivery of the deed and the subsequent payment of the $100 is a full satisfaction and discharge of the defendant's indebtedness. To permit the plaintiff to show by parol that he was to receive the fishing net in addition to the items specified in the writing would, it seems to us, clearly be permission to add to or vary the writing, and therefore incompetent. From these views it follows that, if the case is to be considered independently of the writing, on the theory that it was not intended to express the terms of the contract, the plaintiff must fail because of the statute of frauds. If, on the other hand, the writing is to be deemed evidence of the contract for one purpose, it must be for all, and he must fail because of the incompetency of evidence to vary or contradict the writing.

In either view, the judgment must be reversed, and it is so ordered.                                   REVERSED.