(112 So. 335)

**TIMMERMAN v. STOUT et al. (7 Div. 715.)**

Supreme Court of Alabama. April 7, 1927.

**Frauds, statute of** ⬅129(5)—**Oral agreement to purchase land and credit price on vendor's account is violative of statute, where no credit or receipt is given.**

Oral agreement for sale of land whereby purchaser agreed to credit price on account due from vendor to purchaser, where, in fact, no credit was actually entered on books nor receipt executed therefor, *held* to violate statute.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill in equity by W. F. Timmerman against W. N. Stout, Lucy Wood, Annie Lucile Wood, and R. T. Wood. From a decree denying relief, complainant appeals. Affirmed.

J. M. Miller, of Gadsden, for appellant.

Counsel argues for error in the decree and cites Code 1923, § 8034(5).

Hood & Murphree, of Gadsden, for appellees.

In order to make an agreement to credit a store account sufficient under the statute of frauds, a receipt must be given and credit actually entered on the purchaser's books. 20 Cyc. 252, note.

GARDNER, J. This litigation originated in a suit in ejectment against appellant for a small tract of land in Cherokee county embraced in a deed by W. N. Stout to R. T. Wood, deceased, in February, 1918. The property being a part of a homestead of less area and value than the amount of exemptions allowed by law, the widow and minor children of said R. T. Wood instituted the ejectment suit against appellant for recovery thereof. Appellant, insisting that he had previously purchased the property from the same grantor (W. N. Stout) under a verbal trade, paying the purchase price, and being placed in possession, petitioned for a removal of the cause to the equity side of the docket, which was done, and filed this bill, setting up such state of facts, seeking an injunction against the ejectment suit, and specific performance of his purchase contract by W. N. Stout, who was made a party, but does not contest the suit.

The trial court found from the evidence (in which finding we concur) that complainant had not paid any part of the purchase price of $60, but that the consideration consisted only of an agreement on complainant's part to credit said Stout on a store account due him by Stout, but that, in fact, no credit was actually entered on the books, nor receipt executed therefor; only a verbal agreement to credit such account being shown. So concluding, the court below held the contract violative of the statute of frauds, and denied the relief sought by the bill.

We are of the opinion the decree rendered is free from error. Treating the general subject of the statute of frauds is the following text in 20 Cyc. 252, here applicable:

"A mere agreement to credit the price of goods on an account due from the seller to the buyer is not a sufficient part payment, unless a receipt to that effect is given, or the price actually credited on the seller's books."

The text finds support in the authorities cited in the note, among them, Brabin v. Hyde, 32 N. Y. 519; Gorman v. Brossard, 120 Mich. 611, 79 N.-W. 903; Miles v. Covacevich, 40 Or. 239, 66 P. 914. The principle underlying these cases is that, where there is no written evidence of the contract and payment is relied on as compliance with the statute, mere words are not sufficient, for without some written evidence in cases of this character the contract would be but a "mere collection of words, and the statute evaded." Brabin v. Hyde, supra.

It results as our conclusion that the decree rendered is correct, and will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.