(122 So. 815)

**HAGOOD v. SPINKS et al.** (6 Div. 297.)

Supreme Court of Alabama. June 6, 1929.

Wilkinson & Burton, of Birmingham, for appellant.

504

Edwards & White, of Birmingham, for appellees.

FOSTER, J. This is a bill for the specific performance of a contract to convey a vacant lot used as a garden. It was owned by an old lady shown to have been between 75 and 85 years of age. She died before the testimony was taken, and her devisees were made parties.

Appellant claimed a verbal contract of purchase, and claims that she put him in possession, and he paid $7 of the purchase price of $560, in that at her request he paid the abstractor for bringing the abstract down to date. Appellees claimed that he had not been put in possession, and that they had no personal knowledge of the contract, and further that their testator (the alleged vendor) was of unsound mind and incapable of making such a contract.

The contract and delivery of possession was proved principally by the testimony of a cousin of appellant who was living in the house with him. It is claimed that appellant changed the fence and put his cow on the lot. The testator later turned out the cow and rebuilt the fence, and cultivated the lot every year until she died. There was evidence of insanity on the part of the alleged vendor.

██ We will leave out of consideration the legal question of whether the payment of the abstract fee of $7 was a sufficient part payment of the purchase money under the statute. Timmerman v. Stout, 216 Ala. 49, 112 So. 335; 27 C. J. 255; Brown on Statute of Frauds (5th Ed.) § 461. To take a case out of the statute of frauds (Code 1923, § 8034, subd. 5) upon the ground of part performance, the acts of possession must be clear and definite, and referable exclusively to the contract,

and by authority of the vendor. The existence of the contract and its terms should be established by competent proof to be clear, definite, and unequivocal in all its terms. If its terms, or the necessary acts of part performance, are not sustained by satisfactory proof, specific performance will not be decreed. Story's Eq. Jur. (14th Ed.) § 1050; Formby v. Williams, 203 Ala. 14, 81 So. 682; Timmerman v. Stout, supra; Sherman v. Sherman, 190 Ala. 446, 67 So. 255; Enslen v. Woodlawn Realty & Development Co., 210 Ala. 40, 97 So. 80.

██ There was also evidence of the insanity of the alleged vendor. All these questions were matters of fact heard and determined upon the evidence of witnesses orally examined in open court. The conclusion reached is as the verdict of a jury. It may be supported by inferences from the evidence or a conclusion of a want of credibility of that which supports appellant's claim. We are not willing to disturb such conclusions of the court, under the circumstances and evidence disclosed by this record.

We think that the decree of the circuit court should be, and it is, affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.