H. Feldman's Sons Company, Appellant, *v.*
Netsky et al.

Argued November 26, 1943. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Samuel P. Lavine,* for appellant.

*Joseph B. Quinn,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1944:

The question is whether plaintiff corporation, under the facts alleged in its statement of claim, can recover from defendants on an oral contract for the purchase of merchandise.

The statement of claim avers that on November 28, 1942, plaintiff agreed to buy, and defendants to sell, three carloads of hair at a specified price per unit of weight amounting in the aggregate to approximately $6,480. The agreement was oral and entered into between duly authorized agents of the respective parties. On the same day plaintiff mailed to defendants its purchase orders setting forth the terms of the contract. Notwithstanding repeated demands, defendants have failed to deliver the merchandise. The difference between the sales price and the fair market value of the goods at the time and place of delivery is alleged to be $4,920. It is further averred that on November 25, 1942, plaintiff had sold and delivered to defendants certain merchandise for the price of $281.91, and on December 8, 1942, sold and delivered to them other merchandise for the price of $155.27, by which transactions defendants became indebted to plaintiff in the sum of $435.63 ($437.18?). On December 10, 1942, the parties, by their duly authorized agents, orally agreed that this indebtedness should be cancelled and the amount thereof applied as part payment on account of plaintiff's purchase of November 28. Plaintiff, in a letter to defendants, confirmed this agreement and, pursuant to it, gave defendants credit upon its books for $435.63. The present action is brought to recover the sum of $4,920, the alleged loss sustained by reason of defendants' breach of the contract of November 28, and the sum of $435.63, paid on account by plaintiff in the manner stated, or a total of $5,355.63.

Defendants filed an affidavit of defense to the statement of claim raising the question of law whether recovery on the contract in suit was barred because it was not evidenced by a writing. The court decided this question in favor of defendants and entered judgment in their favor.

The Statute of Frauds (section 4 of the Uniform Sales Act of May 19, 1915, P. L. 543) provides that a contract to sell any goods of the value of $500 or upwards shall not be enforceable by action unless the buyer shall accept part of the goods so contracted to be sold, and actually receive the same, or give something in earnest to bind the contract, *or in part payment,* or unless some memorandum in writing of the contract be signed by the party to be charged or his agent in that behalf. The court below stated in its opinion that the payment referred to in the statement of claim was a "voluntary act solely on the part of the plaintiff," and that "the credit was not asked for by the defendants, nor did the defendants by any act or writing connect this credit with the alleged oral agreement"; furthermore, that the alleged payment "is neither an act nor a writing by the party sought to be charged." This loses sight of the fact that the entry of the credit on plaintiff's books was not merely an ex parte or "voluntary" act but is alleged to have been done in pursuance of an agreement between the parties. It is true that this agreement was not in writing (except as confirmed in a letter from plaintiff to defendants), but there is nothing in the Statute which requires that the *payment* must itself be evidenced by a writing signed by the party to be charged. It is said, with reference to this, in Williston on Contracts, (rev. ed.) vol. 2, p. 1612, sec. 565: "The Statute puts no limitation on the way that the price shall be paid and it seems an unnecessary piece of judicial legislation for courts to make the requirements of the Statute more stringent than the Legislature has done." "Payment" is any mode of discharging a debt by the performance of an act, or the transfer of

something of value, by the debtor; if so agreed upon by the parties the cancellation of a debt, therefore, constitutes the pro tanto payment of a counter-debt. Whatever operates as a payment, no matter what form it takes, satisfies the Statute of Frauds. Of course a mere *agreement* to apply an existing debt in payment does not constitute a payment and will not relieve the transaction from the requirements of the Statute; it must be followed by an actual discharge or cancellation of the indebtedness, in whole or in part, by the giving of a receipt, the entry of a credit in the creditor's books of account, or the performance of some similar unequivocal act. Here it is alleged not only that defendants agreed to accept the cancellation as part payment on the contract of November 28, but that plaintiff implemented this agreement by giving them the credit on its books; by this act the part payment necessary to overcome the Statute was effected.

"There is a payment under the provisions of the Statute [of Frauds] . . . when the buyer . . . pays the price . . . in whole or in part in money, . . . or in property of any kind, or in services, or by cancellation of an existing claim or debt:" Restatement, Contracts, sec. 205.

The exact question here involved has apparently not been heretofore presented to either of our appellate courts, but in other jurisdictions there are decisions,[1] and in still others dicta,[2] which are in accord with the views here expressed.

Judgment reversed with a procedendo.

---

[1] *Johnson v. Tabor*, 101 Miss. 78, 57 So. 365; *Dieckman v. Young*, 87 Mo. App. 530; *Dow v. Worthen*, 37 Vt. 108; *Roberts v. Williams*, 6 Wash. 2d 599, 108 P. 2d 334; *Norwegian Plow Co. v. Hanthorn*, 71 Wis. 529, 37 N. W. 825.

[2] *Obear-Nester Glass Co. v. Law & Shaw*, 11 Fed. 2d 240, 244; *Walker & Rogers v. Malsby Co.*, 134 Ga. 399, 403, 67 S. E. 1039, 1041; *Galbraith v. Holmes*, 15 Ind. App. 34, 36, 43 N. E. 575; *Kerr v. Yager*, 158 Iowa 69, 76, 138 N. W. 905, 908; *Scott v. Mundy & Scott*, 193 Iowa 1360, 1371, 1373, 1374, 188 N. W. 972, 976, 977, 978; *Matthiessen & Weichers Refining Co. v. McMahon's Administrator*, 38 N. J. L. 536, 540, 541; *Milos v. Covacevich*, 40 Ore. 239, 241, 66 P. 914, 915.