**MACIAS v. KLEIN et al.**

**Appeal of OAKLAND TRUCK SALES, Inc.**

**No. 10870.**

United States Court of Appeals
Third Circuit.

Argued Jan. 8, 1953.

Decided April 9, 1953.

Rehearing Denied May 7, 1953.

206

John A. Metz, Jr., Pittsburgh, Pa. (Metz & Metz, Pittsburgh, Pa., on the brief), for appellant.

Harry Alan Sherman, Pittsburgh, Pa. (Joseph M. Wapner, Los Angeles, Cal., on the brief), for appellee.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by Oakland Truck Sales, Inc., one of the defendants, from a judgment entered against it on a special verdict in the District Court for the Western District of Pennsylvania in an action brought by the plaintiff, Henry Macias, to recover the price of truck parts alleged to have been sold to the defendant and which it refused to accept. Morris Klein and David Rosenzveig had also been joined as defendants but the district court directed a verdict in their favor. The motion of Oakland Truck Sales, Inc. for judgment n. o. v. or a new trial was denied by the district court. 106 F.Supp. 107. From the evidence and the special verdict the facts appear to be as follows:

On September 13, 1948, a verbal contract was entered into in Los Angeles between Henry Macias, as seller, and Oakland Truck Sales, Inc., as buyer, acting by its president, Morris Klein, for the sale of truck parts for a price of $7,800 and the buyer then and there delivered to the seller a check for $2,000 as part payment. In October 1948 the seller telephoned Klein from Los Angeles and suggested the modification of the sale agreement so as to change and increase the parts purchased to a total of $13,236.50. Over the telephone Klein verbally agreed to the modification on behalf of the buyer and requested the seller to credit the buyer on the new purchase price with the $2,000 paid on account of the original purchase price. At the same time he requested that the parts be shipped by rail to an address in Detroit. The seller believed that Klein was either in Pittsburgh or Detroit at the time of this telephone conversation but the evidence did not establish the fact.

About October 19, 1948 the seller shipped the truck parts covered by the modified agreement of sale to the Detroit address and forwarded a sight draft and bill of lading accompanied by an invoice for $13,236.50, on which invoice was credited "Deposit $2000.00" leaving a balance of $11,236.50. The truck parts were not accepted by the buyer and the sight draft was not paid. Subsequently the seller ordered the parts returned by rail to Los Angeles where he permitted them to be sold by the railroad for freight and demurrage charges. He then brought this suit to recover the balance due on the modified contract of sale. The buyer denied the making of the modified contract and also set up the stat-

ute of frauds as a defense. The rejection of that defense by the district court raises the question presented for our decision.

The applicable Pennsylvania statute of frauds is to be found in section 4 of the Uniform Sales Act, 69 P.S. § 42, which in pertinent part reads as follows:

"A contract to sell or a sale of any goods * * * of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods * * * so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

■ We have heretofore had occasion to point out that this particular Pennsylvania statute of frauds has been held by the Supreme Court of Pennsylvania to have procedural rather than substantive effect. Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631; Rothenberg v. H. Rothstein & Sons, 3 Cir., 1950, 183 F.2d 524, 21 A.L.R.2d 832. It operates to deny enforcement in the Pennsylvania courts of all contracts wherever made which do not comply with its requirements and not merely to render void such nonconforming contracts as may be made in Pennsylvania. It is nonetheless a statute which under the doctrine of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, must be applied in a federal district court sitting in Pennsylvania in a case of diverse citizenship to deny enforcement to such a contract. For from the Erie standpoint it must be regarded as substantive since its application will significantly affect the result of the litigation. See Sampson v. Channell, 1 Cir., 1940, 110 F.2d 754, 128 A.L.R. 394, certiorari denied 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415; Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832.

■ The district court in the case now before us decided that the oral agreement by the buyer to credit its prior payment of $2,000 on the purchase price of the parts sold under the modified contract coupled with the seller's notation of that credit on his invoice, took the case out of the Pennsylvania statute of frauds. We do not agree. It is true that the cancellation by the buyer of an existing debt due him by the seller is regarded in Pennsylvania as a part payment which will take an oral contract out of the statute of frauds. H. Feldman's Sons Co. v. Netsky, 1944, 348 Pa. 237, 35 A.2d 305, 307. But in the Netsky case Justice Stern pointed out that "a mere *agreement* to apply an existing debt in payment does not constitute a payment and will not relieve the transaction from the requirements of the statute; it must be followed by an actual discharge or cancellation of the indebtedness, in whole or in part, by the giving of a receipt, the entry of a credit in the creditor's books of account, or the performance of some similar unequivocal act." In that case the buyer, to whom the sellers were indebted, not only agreed to cancel that debt by having it applied on the price of the goods purchased from the sellers but in addition confirmed this agreement by letter and credited the sellers with the amount on the buyer's books. Here was a clear case of overt acts by the buyer which satisfied the requirement of the Statute that "the buyer shall * * * give something * * * in part payment".

■ In the present case we have only an oral agreement by the buyer that the $2,000 previously paid by it on the original sale should be credited on the new sale. With respect to this prior payment of $2,000 the buyer was the creditor and the seller was the debtor. For the buyer was entitled to its money back if the original sale was rescinded. But no overt act of any kind by the buyer in confirmation of this oral agreement by way of a receipt or credit on its books was put in evidence. The notation of a credit on the invoice prepared by the seller obviously could not serve to take the case out of the statute for it was not an act participated in by the buyer and was, therefore, not binding on the buyer. The

208

case against the buyer was thus left resting solely on the parol agreement of its president to credit the $2,000 as a part payment on the new purchase. Under the Pennsylvania statute of frauds, as construed by the Pennsylvania Supreme Court in the Netsky case, this was insufficient to establish application of the prior payment of $2,000 as a part payment on the subsequently modified sale within the meaning of the statute.

What is necessary to constitute a part payment on a sale of goods by way of cancellation or credit of existing indebtedness in order to satisfy the statute of frauds has been considered by the courts of many other states than Pennsylvania. See the annotations in 23 A.L.R. 473, 131 A.L.R. 1252 and 170 A.L.R. 245. We have examined the cases cited by the seller here and as well as many others. While the present case is, of course, to be governed by the Pennsylvania law, as laid down in the Netsky case, it is interesting to note that in none of the cases from other states which we have examined has it been held that the mere entry by the seller of a credit on an invoice prepared by him is sufficient to take an oral contract for the sale of goods out of the statute.

The modified contract on which the suit now before us was brought involved the sale of additional and largely different parts, only $3,343.50 worth of the merchandise covered by it being the same as in the original sale while $9,893 worth were new items. The modified contract was thus clearly to be regarded as a new contract to which the statute of frauds must be independently applied. It was, as we have seen, the duty of the district court to apply the Pennsylvania statute to the contract by refusing to enforce it if it did not meet the requirements of the statute. The contract was admittedly verbal and that it did not meet the requirements of the statute for a part payment by the buyer has been shown. It follows that the district court erred in refusing the motions of the defendant, Oakland Truck Sales, Inc., for a directed verdict and for judgment n. o. v.

The judgment of the district court will be reversed and the cause remanded with directions to enter judgment in favor of the defendant, Oakland Truck Sales, Inc.