YATES, Presiding Judge.
This action arises out of an oral agreement between Jamie D. Brown and John Barry Childress regarding certain real property located in Baldwin County. The record reflects that the parties orally agreed that Brown would assume Chil-dress’s obligations under an assignment-of-land contract between Childress and Sunco Properties, Inc.; that Childress would convey his interest in the property to Brown and would reimburse Brown for any payments Brown made to Sunco under the assignment-of-land contract; and that Brown would convey his interest in the property back to Childress once Brown had been fully reimbursed for his payments to Sunco.
*788 Brown sued Childress on January 18, 2002, seeking a judgment declaring the parties’ rights in the property. Brown also sought an order ejecting Childress from the property. Childress answered and counterclaimed, seeking a determination by the trial court as to the balance he owed to Brown pursuant to the parties’ oral agreement and an order that the property be conveyed to Childress upon payment of the balance owed. In the alternative, Childress sought an order requiring a foreclosure on the property and the opportunity to redeem it.
Following an ore tenus proceeding, the trial court, on January 8, 2003, entered the following order, in part:
“1. That [Brown] is the owner of the real property at issue ... and
“2. That under Code of Alabama § 8-9-2(5) 1975, as amended, [Childress] has an equitable interest in the real property by virtue of having paid a portion of the purchase price and having been put in possession of the real property; and
“3. That the Court was not provided with a copy of the original Land Sale Contract, therefore, the Court can not calculate the amount owed by [Chil-dress] to redeem the real property.”
The court ordered the parties to submit a copy of the original assignment-of-land contract between Childress and Sunco and their calculations of the amount necessary for Childress to redeem the property.
The trial court, on July 16, 2003, entered the following on the case action summary:
“Pursuant to the Court’s order of January [8], 2003, the parties have submitted additional information regarding the amount owed by [Childress] to redeem the real property at issue herein. The amount is $7,366. In addition, in that neither party has made Citizen’s Bank a party to this suit, it is further decreed that any interest of the parties is subject to the mortgage of Citizen’s Bank on the real property at issue.”
Brown appeals following the denial of his postjudgment motion.
When a trial court receives ore tenus evidence, a presumption of correctness attaches to the trial court’s findings of fact, and its judgment based on those findings will not be disturbed on appeal unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. City of Prattville v. Post, 831 So.2d 622 (Ala.Civ.App.2002). However, no presumption of correctness exists as to a trial court’s judgment when the trial court misapplies the law to the facts. Id.
On November 26, 1990, Childress entered into an assignment-of-land contract with Sunco Properties, Inc., for Childress’s purchase of certain real property located in Baldwin County. Upon executing the contract, Childress took possession of the property. He placed a mobile home on the property and also kept horses on the property. Childress testified that he had never relinquished possession of the property.
In 1992, Childress approached Brown and explained that he was in default on his payments to Sunco and was about to lose the property. Childress testified that at the time he approached Brown he owed $6,911 to Sunco pursuant to the contract. Childress asked Brown to assume his contract with Sunco and to then allow him to reimburse Brown in monthly payments. Brown agreed to assume the Sunco contract with the stipulation that Childress convey his interest in the property to him until he had reimbursed Brown in full, upon which time Brown would transfer his interest in the property back to Childress. Brown contends that it was also agreed that should Childress fail to make timely *789 monthly payments the agreement to recon-vey to Childress would be void, that Chil-dress would become a tenant on the property, and that any further payments made would be considered rent. Childress stated that at the time Brown agreed to assume the contract with Sunco there was no discussion regarding the payments he made to Brown being treated as rent. The agreement between Brown and Chil-dress was not in writing.
In June 1992, Childress’s contract with Sunco was assigned to Brown after Brown paid Sunco $1,000, which was the amount in default that Childress owed to Sunco. Thereafter, Brown began making monthly payments to Sunco pursuant to the assigned contract and Childress began making monthly payments in the amount of $80 to Brown pursuant to their oral agreement. Childress made timely monthly payments to Brown for one year; he then began to default on those payments, often going months at a time between payments.
In February 1996, Brown mortgaged the property to Citizen’s Bank and paid Sunco in full. The deed to the property was then transferred from Sunco to Brown. Brown informed Childress that because the property had been mortgaged Childress’s monthly payments would increase to $100 per month. It does not appear that Chil-dress objected to this increase.
Childress continued to be sporadic in his payments to Brown, and on November 2, 2000, Brown sent Childress a letter informing him that he was in breach of their agreement and that his “rent” payments were due by the fifth of each month. The letter further informed Childress that upon missing three consecutive payments he would be evicted from the property. Childress testified that the November 2 letter was the first indication he had received that his payments would be treated as rent.
Childress continued to fail to make timely payments to Brown, and on August 3, 2001, Brown notified Childress by letter that he was being evicted and that he needed to vacate the property immediately. Childress responded by letter on August 14, 2001, requesting the amount of the payoff necessary to repurchase the property from Brown. Brown did not respond to this request; he stated at trial that he no longer wanted to sell the property to Childress. Childress testified that he had paid Brown $4,620 toward the repurchase of the property.
As stated above, the trial court relied on § 8 — 9—2(5), Ala.Code 1975, in determining that Childress had an equitable interest in the property and was entitled to redeem the property. Section 8-9-2, Ala. Code 1975, provides, in part:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
“(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, ... unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.”
Under the exception provided for in § 8-9-2(5), possession must stem from the alleged agreement and must be a result of the agreement; in other words, possession must be “ ‘referable exclusively to the contract.’ ” Smith v. Smith, 466 So.2d 922, 924 (Ala.1985), quoting Hagood v. Spinks, 219 Ala. 503, 504, 122 So. 815, 816 (1929).
Assuming without deciding that § 8-9-2(5) was an appropriate vehicle for *790 determining that Childress had an equitable interest in the property and was therefore entitled to redeem it, we conclude that the requirement in § 8 — 9—2(5) that the purchaser be put in possession by the seller is not satisfied in this case. Childress and Brown entered into an oral agreement whereby Brown would assume Childress’s assignment-of-land contract with Sunco and Childress would convey his interest in the property to Brown. The oral agreement also provided that once Childress had reimbursed Brown for the purchase money Brown had paid to Sunco, Brown would then reconvey the property to Chil-dress. At the time Childress and Brown entered into their oral agreement, Chil-dress was already in possession of the property pursuant to the contract with Sunco. Childress was not placed in possession of the property by Brown pursuant to their oral agreement. Accordingly, because Childress’s possession of the property was not “referable exclusively to the [oral] contract” with Brown, the possession requirement in § 8 — 9—2(5), Ala.Code 1975, is not satisfied and we must reverse the judgment in this case. Because we are reversing the trial court’s judgment for the reason stated above, we pretermit discussion of Brown’s remaining issue raised on appeal.
REVERSED AND REMANDED.
CRAWLEY, PITTMAN, and MURDOCK, JJ„ concur.
THOMPSON, J., concurs in the result, without writing.