## BELL vs. THOMPSON.

[BILL IN EQUITY BY PURCHASER FOR ABATEMENT OF PURCHASE-MONEY, AND PARTIAL SPECIFIC PERFORMANCE.]

1. *When purchaser may obtain compensation, or abatement of purchase-money.*—The doctrine is now well settled in this State, that a purchaser cannot come into equity, to obtain compensation, or an abatement of the purchase-money, on account of a deficiency in the quantity of the land, or the fraudulent misrepresentations of his vendor as to its quantity or quality, unless his bill also shows some other independent ground of equitable relief.

2. *Partial specific performance.*—If the purchaser, having entered into the contract in ignorance of his vendor's incapacity to give him the entire tract of land, chooses afterwards to take as much as he can get, he has a right to insist on a specific performance to that extent, with compensation, or an abatement of the purchase-money, for the deficiency. ·

3. *Allegations of bill for specific performance.*—In a bill for specific performance, the complainant must show, not only that he has performed, or offered to perform, the acts which formed the consideration of the contract on his part, but also that he demanded performance by the defendant before filing his bill, and that the latter refused to comply with such demand.

APPEAL from the Chancery Court of Calhoun.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 23d March, 1858, by William M. Bell, against Robert Thompson. Its material allegations were these: That on the 27th September, 1854, the complainant purchased from said Robert Thompson a tract of land in Tallapoosa, at the price of $6,000; that he paid a part of the purchase-money in cash, and executed his three promissory notes for the balance, according to the terms of the contract, and received from Thompson a bond conditioned to make titles to the land on the payment of the notes; that the negotiation was conducted on the part of Thompson by one Elijah Thompson, his agent, who represented the tract as containing three hundred and twenty acres, "two hundred acres of which consisted of rich, tillable, bottom lands, lying on the west bank of the Tallapoosa river, in the south half of section 28, township 16, range 10, east;" that the com-

41

plainant was ignorant of the quantity and boundaries of the land, and confided in the representations of said Elijah Thompson, which were afterwards re-affirmed by his principal; that he discovered, soon after taking possession of the land, that one Frederick Ross claimed and had possession, under a prior deed from Thompson, of ten or twelve acres on the west side of the Tallapoosa river, which were embraced in his title-bond from Thompson; that he then had the tract of land surveyed, and found there were only one hundred and fifty-three acres in the south half of section 28; that he immediately wrote a letter to Thompson, stating these facts, " and asked him to come up and make a fair and honest settlement of the matter, without any law-suit or difficulty;" that Thompson came to see him about the matter, " but, contrary to his hope and desire, refused to make any settlement, or any reduction of the purchase-money, on account of the deficiency in the land;" that complainant had paid all the purchase-money, except a balance of $500 or $600, which was less than the amount of damages due on account of the deficiency in the quantity of the land; and that Thompson had instituted an action at law against him on the unpaid note, to recover that balance.

The prayer of the bill was, that the action at law might be enjoined; that the purchase-money agreed to be paid might be abated to the amount of damage sustained by the deficiency in the quantity of land; that if it were ascertained, on a proper accounting, that the complainant had overpaid the value of the land, the defendant might be required to refund the excess; that the title to the land might be divested out of the defendant, and vested in the complainant; and that such other and further relief as the nature of the case demanded might be granted.

The chancellor dismissed the bill, for want of equity, on the ground that the complainant had a complete remedy at law; and his decree is here assigned as error.

G. C. WHATLEY, for appellant.

JAS. B. MARTIN, with HEFLIN & FORNEY, contra.

R. W. WALKER, J.—If the bill is to be considered as having no other purpose than to obtain, by way of equitable set-off to the demand sued on in the circuit court, an abatement of the purchase-money, on account of the misrepresentations of the defendant as to the quantity of land sold, it fails to make out a case of which, under the circumstances, chancery has jurisdiction. Under the Code, (§ 2240,) the claim of the complainant for an abatement of the purchase-money, or for damages on account of such misrepresentations, may be allowed as a set-off in the action at law; or it may be recovered in an independent suit at law against the vendor.—Holley v. Younge, 27 Ala. 203; Gibson v. Marquis, 29 Ala. 668; Munroe v. Pritchett, 16 Ala. 785. It is now the well-settled doctrine of this court, that a court of equity will not take jurisdiction of a case, upon the mere ground that the complainant is entitled to compensation on account of a deficiency in the land sold, or to damages for the fraudulent misrepresentations of the vendor, either as to its quantity or quality. Such a claim, though well founded, is not recognized as an independent ground of equitable relief; and will not be enforced by a court of chancery, except as an incident to some other matter of equitable cognizance, or in cases where the remedy at law is inadequate, or where some peculiar equity in favor of the complainant arises out of the circumstances of the case. For example, where the complainant shows a right to a specific performance of the contract of sale, the court thereby acquires jurisdiction over the whole matter, and can deal with any question of damages arising from a breach of the agreement. In like manner, where the insolvency of the vendor is shown, or where the injury sustained is of such a character as not to admit of reduction to a money value, the court of chancery will intervene and afford the needed relief.—Crawford v. Allen, at this term ; Harrison v. Deramus, 33 Ala. 463; Sims v. McEwen, 27 Ala. 184; Betts v. Gunn, 31 Ala. 222; Russell v. Little, 28 Ala. 163; Woodman v. Freeman, 25 Maine, 531; Prothero v. Phelps, 35 Eng. Law & E. 523.

[2.] Such is the general principle; and accordingly, if

this bill shows nothing beyond a well-founded claim to damages, or compensation, it fails to make out a case for equitable relief. It is said, however, that upon the facts stated, the defendant is unable to execute his contract as to that part of the land previously sold by him to Ross; and that the allegations of the bill are sufficient to show that the complainant is entitled to a decree for the specific peformance of the contract, so far as the defendant can execute it, with compensation, or an abatement of the purchase-money, for the deficiency. If this position can be sustained, the bill does establish a ground of equitable jurisdiction, as incidental to which the court would give the complainant the benefit of any well-founded claim he may have to compensation or damages. AltLough a purchaser cannot have a partial interest forced on him; yet, if he entered into the contract in ignorance of the vendor's incapacity to give him the whole, and chooses afterwards to take as much as he can get, he has a right to insist on that, with compensation, or an abatement of the purchase-money, for the defficiency.—Weath erford v. James, 2 Ala. 173; Mortlock v. Buller, 10 Ves. Jr. 315; Graham v. Oliver, 3 Beavan, 128; Jacobs v. Locke, 2 Ired. Eq. 286; Henry v. Liles, ib. 407; Ketchum v. Stout, 20 Ohio, 453; Harben v. Gadsden, 6 Rich. Eq. 284; 2 Story's Eq. § 779.

[3.] In Long v. Brown, 4 Ala. 626, this court, in reference to a bill for the reformation of a contract, said: "There is neither reason nor propriety in seeking the expensive aid of the chancery court, to do that which the vendor was willing to do voluntarily. To give a court of equity jurisdiction to enjoin a judgment at law until a mistake of this kind could be rectified, application should have been made to the vendor to make it, and on his refusal, the court would interfere, if necessary, to prevent an injury from that cause." We think, that the rule here stated is equally applicable to bills for specific performance; and that in such cases, the complainant should not only show that he has performed, or offered to perform, the acts which formed the consideration of the undertaking sought to be enforced, but that, before the

filing of his bill, he had demanded the performance of the contract by the defendant, and that the latter had refused to comply with such demand.

It may be that, under the authority of Elliott v. Boaz, 9 Ala. 779, the allegation of facts which show that such a demand on the part of the complainant would have been refused, would be deemed equivalent to an averment that the demand had been in fact made and rejected. But the allegations of the present bill, upon this point, are insufficient, even under the rule as thus qualified. The bill, if considered as a bill for specific performance at all, is not for the entire performance of the contract, but for its performance only so far as the defendant is able to execute it. The allegation which is relied on, as showing that a demand for such performance as is sought by the bill would have been refused, and was therefore not necessary, is in these words: "Your orator, hoping to be able to adjust the matter amicably, addressed the said Thompson by letter, and stated there was a deficiency in the quantity of land sold, and that the said Ross had possession of ten or twelve acres of the land he had described in his title-bond to your orator, and asked him to come up and make a fair and honest settlement of the matter, without any law-suit or difficulty. The said Thompson came to orator's residence, and acknowledged he had received orator's letter upon the subject; but, contrary to orator's desire and hope, the said Thompson refused to make any settlement, or any reduction of the purchase-money, on account of the deficiency in the land heretofore set forth."

Now, if it be conceded that, with the view of entitling him to a conveyance of all the land, except that to which the defendant had no title, the complainant was bound to tender only so much of the purchase-money as would remain due after deducting a ratable proportion for the land which the defendant could not convey; still we do not think that the foregoing allegation shows with sufficient certainty that a demand for such a conveyance would have been refused by the defendant. All that is shown is, that he "refused to make any settlement,

or any reduction of the purchase-money, on account of the deficiency in the land." But it does not appear that complainant ever offered to accept from the defendant a conveyance of less than the entire tract named in the title-bond. If the complainant had proposed to accept of such partial performance, and to release the defendant from his obligation to convey the entire tract, *non constat,* that the latter would have refused to allow an abatement for the deficiency. It is obvious that the complainant could not demand, as a right, the abatement of the purchase-money, and at the same time compel the conveyance of the whole land. For aught that appears from the bill, the refusal of the defendant to make the reduction may have been founded upon his unwillingness to take less than the entire purchase-money which the complainant had contracted to pay, unless the latter would release him from the obligation to convey that part of the land, the failure of title to which formed the ground on which the abatement was claimed. The allegation as made does not necessarily involve the proposition, that the defendant would have refused to convey so much of the land as he could convey, if the complainant had made such a demand. Hence, if we consider this as a bill for partial specific performance, it is without equity, because it fails to show with the requisite certainty that the defendant would not have done without a suit that which the complainant calls upon the court to compel him to do.

Decree affirmed.