Cox v. Boyd.

---

## COX *vs.* BOYD.

[BILL IN EQUITY BY PURCHASER FOR SPECIFIC PERFORMANCE.]

1. *Offer to do equity.*—In a purchaser's bill for the specific performance of a contract of sale, the complainant must show that he has performed, or offered to perform, all the stipulations of the contract on his part; or he must show a sufficient excuse for his failure to do so, and aver his readiness and willingness to perform them.

APPEAL from the Chancery Court of Macon. Heard before the Hon. JAMES B. CLARK.

GEO. W. GUNN, with JNO. A. ELMORE, and W. P. CHILTON, for appellant.

GRAHAM, MAYS & ABERCROMBIE, *contra.*

R. W. WALKER, J.—The case made by the bill is as follows: In December, 1853, T. W. Smith & Co. sold certain lands, on credit, to John R. Richardson, who gave his two notes for the purchase-money, and received from the vendors a bond to make titles upon the payment of the purchase-money. Richardson went into possession under this purchase, and paid one of the notes at its maturity. The other note, which was for $1080, and due December 25, 1854, remained unpaid. After the maturity of this note, namely, on the 14th February, 1855, the complainant purchased the lands above mentioned, together with other lands, from Richardson, for $4,800. A portion of the purchase-money was paid in cash, and the balance was arranged

Cox v. Boyd.

by an obligation executed by the complainant, by which he bound himself to pay certain specified notes, one of them being the above-mentioned note for $1080. Richardson gave the complainant a bond, conditioned to make title to all the lands included in the purchase when the several notes referred to were paid ; and under this purchase complainant went into possession. Subsequently, and while the complainant was in possession of the land under his purchase from Richardson, T. W. Smith & Co. filed a bill against Richardson, to enforce their lien on the land for the payment of the note for $1080, and obtained a decree, in pursuance of which the land was sold on the 30th March, 1857, to the defendant Boyd, for $1370. On the same day, the complainant abandoned the possession. On the 30th March, 1859, the complainant tendered to both Boyd and Richardson $1670, which, it is alleged, is more than the purchase-money paid by Boyd at the register's sale, with 10 per cent. *per annum* interest thereon, and all lawful charges and expenses, and demanded a conveyance of the title to said land, which each of them refused to make. Thereupon, the complainant files this bill, the object of which is to have the title to the land purchased by Boyd decreed to be conveyed to complainant.

The undertaking of Richardson was to convey to complainant upon the performance by the latter of the obligation executed by him. To decree the conveyance to complainant of the legal title to this land, before he has performed, or offered to perform, his obligation to Richardson, would be a violation of the maxim, that " he who seeks equity must do equity," which lies at the foundation of equity jurisprudence. This bill cannot be treated, therefore, otherwise than as a bill for the specific performance of Richardson's agreement to make titles to the complainant. Consequently, it should aver that the complainant has paid, or offered to pay, the notes specified in his obligation to Richardson ; for the agreement of the latter was to make titles upon the payment of these notes. There is no averment that the complainant has paid, or offered to

pay, the notes to Wesley C. Tarver and Robert Robinson, mentioned in the obligation and bond' for titles; nor does complainant, by his bill, offer to pay these notes. Moreover, if the complainant had complied with his agreement with Richardson, made more than two years before the register's sale, to pay off the note for $1080, that sale would not have taken place. As the complainant's bill shows that his own *laches* led to the sale of which he complains, and fails to show either a compliance with his agreement to pay the notes to Tarver and Robinson, or any excuse for his failure to pay them, it was without equity.—*Billingsley v. Billingsley*, 37 Ala. 425; *Bell v. Thompson*, 34 Ala. 636.

Decree affirmed.