## HART ET AL. *vs.* McCLELLAN.

[BILL IN EQUITY FOR SPECIFIC PERFORMANCE OF CONTRACT.]

1. *Partial performance of parol contract for sale of lands.*—A parol contract for the sale of lands is not taken out of the operation of the statute of frauds, on the ground of partial performance, where the facts relied on, as constituting a part payment of the purchase-money, simply show that the purchaser furnished to the company present, "as a treat," five drinks of liquor, which were worth at the time five dollars in Confederate currency, and the contract itself did not require any cash payment.

2. *Averment of performance, or readiness and willingness to perform.*—A purchaser, asking the specific performance of a parol contract for the sale of lands, must aver in his bill the facts showing a full compliance on his part with all the stipulations of the contract : a general allegation, "that he has offered, and has always been ready and willing to comply with his contract," not stating the facts, is not sufficient.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. N. W. COCKE.

THE bill in this case was filed, on the 13th February, 1866, by Daniel McClellan, against Manson D. Hart and Joel A. Hudspeth, for the purpose of compelling the specific performance of a parol contract for the sale of lands. The material facts of the case are stated in the opinion of

the court. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is now assigned as error.

Martin & Sayre, for appellants.
W. C. Oates, *contra*.

JUDGE, J.—The bill in this case is for the enforcement of specific performance of a parol contract for the sale of lands. It is contended by the appellee, that his case is without the influence of the statute of frauds, on the ground of an alleged payment by him of a portion of the purchase-money, and that he was put in possession of the land by the seller.—Code, § 1551.

The agreement sought to be enforced, it is alleged, was entered into in February, 1866, and was, in substance, that the appellee should pay one thousand dollars for the premises, in two installments, (five hundred dollars on the first of January, 1867, and five hundred dollars on the first of January next thereafter,) and should secure the payment of the purchase-money, by executing to the appellant Hart his promissory notes for the same, with or without security, as the said Hart might elect. The purchaser was to take immediate possession. The part payment of the purchase-money, relied on by the appellee, consisted of five drinks of liquor of some kind, called in the bill "merchandise," of the value of one dollar and twenty-five cents, and averred to have been furnished the appellant Hart, at the time of the agreement. Upon a survey of the testimony, we find it difficult to resist the conclusion, that these five drinks were furnished to the persons present, including Hart, not as a part payment of the purchase-money, pursuant to the contract, but as a "*treat*" on the agreement which had been entered into; and this conclusion is strengthened by the fact, that the terms of the contract required no part of the purchase-money to be paid until the first of January, 1867; a period long after the time of the alleged part payment.

2. But the bill in this case cannot be maintained for another reason. The appellee does not aver performance on his part of the conditions required by the contract to

be performed by him. He does not show by his bill that he executed and tendered, or offered to execute, the notes for the purchase-money. The general allegation of the bill, that he has " offered, and has always been ready and willing to comply with his contract," is not sufficient in a bill for specific performance. The *facts* constituting the offer should have been given, so that the court might judge of the correctness of the conclusion stated, and determine whether the appellee had taken all proper steps towards performance on his own part, and had been ready, desirous, and prompt to perform.—*Bell v. Thompson*, 34 Ala. 633; *Billingslea v. Billingslea*, 37 Ala. 425; *Cox v. Boyd*, 38 Ala. 42; *Gentry v. Rogers*, at January term, 1867.

The decree of the chancellor must be reversed, and the bill dismissed. The appellee must pay the costs of this court, and of the court below.