## CARTER vs. THOMPSON.

[BILL IN EQUITY BY PURCHASER, AGAINST VENDORS, TO OBTAIN LEGAL TITLE TO LAND.]

1. *Waiver of objections to appeal, &c., by joinder in error.*—Where an appeal from a decree in chancery is sued out in the name of one of the defendants only, and errors are assigned in the names of all the defendants, a joinder in error is a waiver of all objections that might be raised, either to the appeal, or to the assignments of error.

2. *Conditional dismissal of cross bill.*—A decree of the chancellor, on final hearing, ordering a cross bill to be dismissed, unless the complainant therein made a specified amendment within a given time, operates as a dismissal of the cross bill, unless the prescribed terms are complied with; and a subsequent order of the register, dismissing the cross bill on account of the failure to comply with the prescribed conditions, if assignable as error on appeal from the final decree, is, at most, error without injury.

3. *Variance.*—Under a bill for a specific performance, or in the nature of a bill for a specific performance, a variance between the allegations and the proof, in the description of the land which is the subject of the suit, is fatal to any relief.

4. *Averment of performance by purchaser, in bill for specific performance.*—A purchaser, seeking a specific performance by his vendor, or other relief in the nature of a specific performance, must aver in his bill that he has requested his vendor to make title according to the condition of his bond, or must show some excuse for his failure to do so; and an averment of the vendor's insolvency is not sufficient to excuse the failure to make such request.

5. *Parties to bill for specific performance.*—A bill which is filed by a purchaser, against his vendor and another, to compel the specific performance of a contract for the sale of lands, and which shows on its face

that the vendor derived title under a sale made by himself, as trustee, under a deed of trust executed by his co-defendant to secure a specified debt, must aver that the secured debt has been paid, or must make the owner of that debt a party; but, if the bill only seeks to divest out of the vendor such title as he acquired by his purchase at the sale, the creditor is not a necessary party.

6. *Note of evidence.*—Where the record does not contain any note of the evidence offered on the hearing, it is a grave question whether the appellate court can properly review the chancellor's decree on the pleadings and proof.

7. *Purchase by trustee at his own sale.*—A trustee, under a deed of trust for the benefit of creditors, may become the purchaser at his own sale; but such purchase and sale may be set aside, on the timely application of the beneficiaries in the deed.

APPEAL from the Chancery Court of Morgan.
Heard before the Hon. JOHN FOSTER.

THE original bill in this case was filed, on the 6th April, 1857, by Edward N. Thompson, against Charles S. England and Jesse A. Carter; and sought to divest out of the defendants the legal title to a certain tract of land, which was in the possession of said Jesse Carter, and which he had conveyed, by deed of trust, dated the 18th January, 1845, to James B. Graham as trustee, to secure the payment of three promissory notes, due to David G. Ligon, since deceased; and which was purchased by the complainant, on the 15th July, 1854, from said Charles S. England, who, having been appointed trustee under the deed, by the register in chancery, on the 15th May, 1854, in place of the former trustee, who had died, sold the land, under the power conferred by the deed, in June, 1854, and became the purchaser at his own sale. The deed of trust from Carter to Graham, which was made an exhibit to the bill, described the land as "the *north-west,* south-west, and south-east quarters of section nineteen, in township six, range four west;" while the title-bond from England to Thompson, which was also made an exhibit to the bill, described it as "the *north-east,* the south-east, and the south-west quarters of" said section, and contained the following condition: "And the said Charles S. England binds himself, his heirs, &c., that when requested by the said Edward N. Thompson, or his legal representatives, he will make to the said

Thompson, or his legal representatives, a good and sufficient title to the lands above described, except the *north-east* quarter of said section, *as that*, so soon as the title to the north-east quarter of said section, as above described, can be practicably obtained from David G. Ligon, who is bound to convey the title to the said Charles S. England." The bill alleged, " that by the said sale," under the provisions of the deed, " the said debts, with all costs attending the said deed, were extinguished;" that Carter continued in possession of the land, notwithstanding the sale under the deed; that England became insolvent, and was insolvent when the bill was filed, and had never made to complainant "ˌa deed to said lands, nor procured from said Ligon a title to said north-east quarter of said section;"·that said Carter, after being notified of the complainant's purchase from England, and of England's insolvency, by some fraudulent combination with said England, pretended to have redeemed the land under the statute, and claimed to hold it under such pretended redemption; that the complainant had never paid his note given to said England for a part of the ·purchase-money, but had always been ready and willing to pay it, "whenever said England was able and ready to make him a title to said lands;" and that he brought the money into court, and offered to pay it, "whenever said England will procure title for said *north-west* quarter, and make him a good title to said lands." The prayer of the bill was, that all the right and title to said lands, which was vested in Carter and England, might be divested out of them, and vested in the complainant; or that the lands might be charged with the re-payment of the purchase-money which the complainant had advanced to England; and for other and further relief, according to the nature of the complainant's case.

A decree *pro confesso*, on personal service, was regularly entered against England. Carter filed an answer, in which he set up several grounds of defense; averring that England's appointment as trustee under the deed was null and void, and that his sale of the land under the deed, his purchase at that sale, and his subsequent sale to the complainant, were invalid, and without authority. He incorporated

in his answer a demurrer to the bill, and specified ten grounds of demurrer, among which were the following: "4th, because the bill does not show that England paid said debt to Ligon, nor that the same has been paid, and it should make the owner of that debt a party to these proceedings;" "9th, because the bill shows that the complainant has a plain, adequate, and complete remedy at law : it does not show a refusal by England to make complainant a title to said lands, nor any attempt by him to obtain the same, and insists that England has the legal title, and is bound to convey it to complainant; which gives complainant an unobstructed remedy at law, which he has not attempted to assert." Carter also filed a cross bill, in which he prayed that England's sale under the deed, his purchase at that sale, and his subsequent sale to the complainant, might each be set aside and vacated. A decree *pro confesso*, on publication, was entered against England on the cross bill. An answer was filed by Thompson, in which he insisted on the validity of England's appointment as trustee under the deed, and of the sales made by England.

The chancellor overruled the demurrer to the bill, and, on final hearing on pleadings and proof, rendered the following decree: "It is therefore ordered, adjudged, and decreed, that upon the complainant's paying into court the sum of two hundred and seventy-five dollars, with interest from the 16th July, 1854, then all the right, title, and interest, legal and equitable, of both the defendants to the original bill, in and to the *north-west*, south-west, and south-east quarters of section nineteen, township six, range four west, be divested out of them, and vested in the complainant. It is further ordered and decreed, that if the complainant fails to pay said sum of money, within five days from the date of this decree, his bill stand dismissed out of this court. It is further ordered and decreed, that if the complainant makes said payment within the time limited by this decree, the register retain out of the same the costs of this suit, and loan out the balance, with bond and good security, until the next term of this court. It is further ordered, adjudged, and decreed, that unless the said Jesse A. Carter, the complainant in the cross bill, amends said

bill within five days from the date of this decree, so as to seek to recover the balance of said two hundred and seventy-five dollars after the payment of costs, then his cross bill stand dismissed, at his costs." This decree was rendered on the 13th June, 1860 ; and at rules held by the register on the 18th June, an order was entered, dismissing the cross bill, on account of Carter's failure to make the prescribed amendment.

The appeal was sued out by Carter alone, but errors were assigned by both of the defendants below, severally ; the errors assigned being the overruling of the demurrer to the bill, the final decree, and the order of the register dismissing the cross bill. There was a joinder in error on the part of the appellee.

D. P. LEWIS, and S. F. Rice, for appellants.
WALKER & BRICKELL, contra.

BYRD, J.—1. The appeal was taken by Carter, apparently, from the decree of the court upon the original bill, and not upon the cross bill. The appeal should have been taken in the name of all the defendants to the original bill. Though the defendant England has not appealed, yet assignments of error have been made by counsel in his name ; and the counsel for the appellee has joined issue thereon, without objection thereto, or to the appeal ; and we must, therefore, treat any objections which could have been made, as waived, and pass upon the assignments of error made in behalf of each defendant to the bill.

2. It is unnecessary to consider the fourth assignment of error, further than to say, that we hold that the decree of the court operated as a dismissal of the cross bill, unless the complainant therein complied with the conditions of the decree within the time prescribed ; and there is nothing upon the record which shows that, he offered to comply, or did comply therewith. The order of the register, if an assignable error, was, at most, error without injury.

3. The other assignments of error may be disposed of together. The transcript has been made out defectively, or the counsel for appellee have committed several mistakes

in the bill. There is no averment that England had sold the *north-east* quarter of section nineteen to complainant. The only allusion in the bill, to that quarter, is in the statement of the contents of the bond for titles, and then only by an exception of it from the stipulation to convey title to a certain portion of land when the defendant England should be requested ; and also in averring that he had never obtained any title to the same from Ligon. This would imply that there had been a contract to convey that quarter ; but this is not equivalent to an averment of the fact. The deed of trust executed by Carter and wife, to secure the payment of the notes mentioned therein, describes the land as the north-west, south-west, and south-east quarters of section nineteen, and it is so described in the decree of the court; but, by reference to the bond for titles, attached to the deposition of the witness Campbell, it appears that the land sold is described as the *north-east*, the south-east, and the south-west quarters of section nineteen. The bill avers, that England sold complainant the land described in the deed of trust, and executed a bond for titles to the same. This is a variance between the allegations of the bill, the proof, and the decree of the court; which would result in a reversal of the decree of the court, if we felt authorized, from the condition of the record in other respects, to pass upon the merits of the cause upon the pleadings and proofs.

4. The bill is defective, in not averring that complainant had made a request of England to make title in conformity to the terms of the bond for titles, or some excuse for not doing so. The averments that he was insolvent, and had allowed Carter to make a *pretended* redemption of the land, and that Carter held possession of it under such pretended redemption, are not sufficient to excuse the necessity of such a request prior to filing the bill. And though complainant may only seek to divest out of the defendants such title as they may have to the lands, yet he should have made a request of them to execute a quit-claim conveyance thereto, prior to filing the bill, or should have averred some excuse for not doing so.—*Bell v. Thompson*, 34 Ala. 633. Although this objection o the bill is somewhat inartificially

raised by the ninth ground assigned in the demurrer of Carter, yet we think it sufficiently made; and, to that extent, the court should have sustained the demurrer to the bill.

5. The fourth ground would also have been well assigned, if the bill had sought a specific performance of the bond for titles; but, as it only sought a divestiture of such title as the defendants had, and did not seek to divest the rights of the holder of the notes mentioned in the deed of trust, it was properly overruled. As it seems that the notes have been paid, it would be well to amend the bill in that respect, so as to meet any objection which might be made to any relief that may be decreed under the general prayer of the bill, in case the specific prayer cannot be granted.

6. The record does not show any note of the testimony; and in its absence, it becomes a grave question, under the rule of practice, whether this court can review the decree of the court below upon the pleadings and proof. If all the evidence set out in the record was introduced on the trial, we are inclined to the opinion, that, if the bill had been amended as above indicated, and so as to conform to the testimony, the complainant would have been entitled to *some relief*. We are satisfied that in all other respects, than as above noticed, the original bill has equity. If the complainant seeks a specific performance of the bond for titles, it may be necessary to make the heirs-at-law of Ligon parties defendant to the bill, and also to amend the prayer of the bill, with such other appropriate amendments to the stating part of the bill as are indicated in this opinion, and in such other respects as may be necessary to meet the requirements of the law and the facts.

7. A trustee may purchase land at his own sale, subject to be set aside upon the timely application of the beneficiaries; and in this case it is apparent, if we look to the evidence, that Carter treated the purchase by the trustee as valid.—*Charles v. Dubose*, 29 Ala. 367.

For the error pointed out, the decree of the court is reversed, and the cause remanded.