# Manning *v.* Carter.

### *Bill to Enforce Vendor's Lien.*

(Decided May 13, 1915.   68 South. 909.)

1. *Vendor and Purchaser; Contract; Quantity of Land; Curing Deficiency.*—Where a purchaser entered into a contract in ignorance of the vendor's incapacity to convey the whole and chose afterwards to take as much as he could get, he had a right to take that, with compensation, or an abatement of the purchase money for the deficiency.

2. *Same; Abatement of Purchase Price.*—Where a vendor represented that the land to be sold contained a certain acreage, and pointed out land not owned by him as included within the tract, and thereafter delivered in escrow a deed describing only the land actually owned by him to be delivered on paying the purchase price, the purchaser could in a suit to recover the purchase price, by a cross bill, have the price abated for the deficiency in the land as orally represented.

3. *Same; Fraud; Reliance on Misrepresentation.*—In the absence of knowledge that would arouse suspicion, a purchaser need not investigate independently the quantity of the land, but can rely on the representation of the vendor.

4. *Same; Quantity; Deficiency.*—Where there was a material deficiency in the quantity of the land sold, in determining what abatement shall be made from the purchase price thereof, the chancery court can assume that the land was all of an average value, and after determining the value of the land, exclusive of the improvements, may direct an abatement of the purchase price in a sum proportionate to the deficiency.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Bill by J. H. Carter against D. O. Manning to enforce a vendor's lien. Cross bill by respondent seeking an abatement of the purchase price because of deficien-

cy in the acreage. From a decree sustaining demurrer to the cross bill, respondent appeals. Reversed and remanded.

MIDDLETON & REYNOLDS, and GEORGE A. SORRELL, for appellant.

HILL, HILL, WHITING & STERN, for appellee.

SAYRE, J.—Appellee filed his bill to enforce a vendor's lien, alleging that he had agreed to sell, and appellant had agreed to buy, a certain tract of land, which is described by metes and bounds in part and in other part according to the government survey, at and for the round sum of $2,800. Appellant paid $500 of the agreed purchase price and was put into possession, and at the same time, in pursuance of an agreement to that effect, appellee executed a warranty deed and appellant a note for the balance of the agreed purchase price, and these papers were deposited with a bank, with instructions to deliver the deed to appellant upon payment of the note. No objection by demurrer was taken to the form or substance of the bill. But appellant filed his answer, which was made a cross-bill under the statute, averring, to state its substance in brief, that he had not agreed to pay the sum of $2,800 for the land described in the bill, but that his agreement was to buy a larger inclusive tract represented to contained 253 acres, and that while the negotiation was pending he looked at a part only of the land, at which time appellee, who was in possession, without pointing out the boundary lines of the tract with which appellant had no acquaintance, falsely and with intent to defraud, represented that the tract contained 253 acres, thereby inducing appellant to buy for the agreed price. It is further shown by the

cross-bill that the deed appellee lodged with the bank embraced a large area of valuable land which was in the possession of and owned by other parties, strangers to the transaction; that appellant afterwards learned by an actual survey that the tract owned by appellee and in his possession contained only 185¼ acres; and that appellant, in these circumstances, refused to pay the balance of the purchase price or to accept the deed until appellee should make good his representation in respect to the quantity of the land. Appellant, submitting himself to the orders and decrees of the court to do whatever might be considered equitable in the premises, and alleging that he was able, ready, and willing to pay whatever sum he was justly due on the contract, prayed for an equitable abatement of the purchase price and for a conveyance of the land delivered to him after allowing such abatement. The court below sustained a demurrer to this cross-bill, and that decree alone is assigned for error on this appeal.

(1) It appears to have been considered in the court below that to award relief under the cross-bill would involve the making of a contract for the parties. It is well settled that: "Although a purchaser of land cannot have a partial interest forced on him, yet, if he entered into the contract in ignorance of the vendor's incapacity to give him the whole, and chooses afterwards to take as much as he can get, he has a right to insist on that, with compensation, or an abatement of the purchase money, for the deficiency."—*Bell v. Thompson,* 34 Ala. 633; *Hodges v. Denny,* 86 Ala. 226, 5 South. 492; *Williams v. Neal,* 152 Ala. 435, 44 South. 551.

(2, 3) If the representation as to quantity had been reduced to the form of a covenant in a deed delivered, the deed, of course, would be conclusive as to what the

parties intended. But it is to be observed that, on the averments of the cross-bill, the contract upon which appellant relies, though saved from the statute of frauds by other considerations, rested in parol. Upon the representations so made appellant, for aught appearing, had the right to rely, and his averment is that he did rely. In the absence of knowledge of his own which would arouse suspicion, he was not required to institute an independent investigation.—*Shahan v. Brown,* 167 Ala. 534, 52 South. 737.

(4) The only apparent difficulty about the case arises out of the question as to how the amount of compensation for the alleged deficiency is to be estimated. The deficiency must be material (*Winston v. Browning,* 61 Ala. 80), and we entertain no doubt that the deficiency alleged in this case was material to the contract, and should be taken into account by the court. If appellant shall be able to prove his cross-bill, he will establish an agreement for the sale of a specific quantity of land, usually denominated a sale by the acre.—*Young v. Craing,* 2 Bibb (Ky.) 270. Compensation for the deficiency in such cases must be proportionate. Cases arise in which it is necessary for the court to decompose the consideration in order to do equity. "But a court of equity may inquire into all the circumstances, and may ascertain how far one part of the bargain formed a material ground for the rest, and may award compensation according to the real state of the transaction."—1 Sugden on Vendors (7th Am. Ed.) bot. p. 357. In the present case, if it should come to that, it may be assumed that appellant contracted with reference to a tract of land of average value throughout. If buildings or other improvements upon the land contribute materially to the value of the premises, an estimate may be formed of the average value of the land

[Manning v. Carter.]

per acre apart from them, and proportionate compensation awarded on the basis of the average value so ascertained. The case of *Dykes v. Bottoms,* 101 Ala. 390, 13 South. 582, further considered in *Bottoms v. Dykes,* 102 Ala. 582, 14 South. 874, holds nothing to the contrary of our suggestion as to the manner of estimating compensation for a deficiency. In that case the court denied compensation as to an alleged deficiency of six acres, on the precise ground that no such deficiency was shown. The conveyance, inter alia, was of "a part of the S. W. ¼ of N. W. ¼ of section 28," without specifying any number of acres. The court, denying compensation on this part of the deed, though allowing it on another, said: "How much of, and in what part of, these quarter sections lying in 28, was sold or intended to be sold, cannot be ascertained. * * * Both parties, in law, must be held to know that the deed conveyed no part of the land lying in section 28, and the purchaser must be held to have contracted for, and to have executed his notes for, the land properly described, lying in section 29."

The cross-bill before us was not subject to any of the grounds of demurrer interposed, and there was error in the lower court's ruling to the contrary.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.