(77 South. 744)

### MANNING v. CARTER. (5 Div. 672.)

(Supreme Court of Alabama. Dec. 20, 1917. Rehearing Denied Jan. 24, 1918.)

1. CONTRACTS ☞94(1) — FALSE REPRESENTA-
TIONS—LIABILITY.

Honest belief in the truth of a statement of fact, made as an inducement to the consummation of a contract, does not relieve one making the statement of his legal liability therefor to one induced to act to his detriment thereby.

2. APPEAL AND ERROR ☞984(2)—COSTS—RE-
VIEW—IN EQUITY.

While under Code 1907, § 3222, the question of costs in equity rests largely in the discretion of the chancellor, taxation thereof may be varied on appeal.

3. COSTS ☞32(1)—ALLOWANCE—PREVAILING
PARTY.

Where plaintiff's misrepresentations in selling land brought about the litigation, taxation of costs against defendant, in suit brought by plaintiff, was not warranted.

4. INTEREST ☞50 — SUSPENSION — TENDER
—SUFFICIENCY.

In view of Code 1907, § 5334, stating the requisites of a plea of tender, where the vendee, in an action by the vendor for the balance due, was ready, able, and willing to pay the amount due, he should have tendered the entire amount, including interest, and paid it into court in order to avoid further interest.

5. VENDOR AND PURCHASER ☞351(6)—MIS-
REPRESENTATIONS—MEASURE OF DAMAGES.

If the vendor fraudulently represented the given tract to include other land, not owned by him, the measure of damages would be the difference between the value of the land actually sold and the value of the lands represented or purported to be sold.

6. EVIDENCE ☞433(8), 434(11)—ADMISSIBIL-
ITY — PAROL EVIDENCE — VARYING WRIT-
TEN INSTRUMENT.

Parol evidence was properly admitted to show the gross and palpable mistake or fraud of the vendor in overstating the acreage.

7. VENDOR AND PURCHASER ☞176—MISREP-
RESENTATIONS — DEFICIENT ACREAGE — EF-
FECT.

Where the vendor overstated the acreage, the vendee could take the land actually conveyed, and have compensation by abatement of the purchase money for the deficiency.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Suit in equity by J. H. Carter against D. O. Manning. From the decree rendered, Manning appeals. Reversed and remanded.

Middleton & Reynolds, of Clanton, for appellant. Hill, Hill, Whiting & Stern and W. R. Cooper, all of Montgomery, for appellee.

THOMAS, J. This is the second appeal in this cause, the first (Manning v. Carter) being reported in 192 Ala. 307, 68 South. 909.

The rule of abatement of the purchase price for land, where the vendor has represented that the tract embraced a certain acreage, and there is a deficiency, and such representation as to acreage was a material inducement to the purchase, was discussed on the former appeal in this case and in Terry v. Rich, 197 Ala. 486, 73 South. 76.

[1-3] We have examined the evidence, and are of the opinion that the court improperly taxed against appellant the cost incurred in the lower court. The preponderance of evidence shows that the conditions bringing on the litigation were due to the reckless or willful misrepresentations of the appellee, as to the situs and extent of his lands, inducing appellant to the purchase. And it is immaterial that the misrepresentations were not made with dishonest motive. Honest belief in the truth of a statement of fact, made as an inducement to the consummation of a contract, does not relieve him making the statement of his legal liability therefor to one induced to act to his detriment thereby. Shahan v. Brown, 167 Ala. 534, 52 South. 737; Greil Bros. v. McLain, 72 South. 410;[1] Manning v. Carter, supra; Henry v. Allen, 93 Ala. 197, 9 South. 579; Ball v. Farley, 81 Ala. 288, 292, 1 South. 253; Jordan v. Pickett, 78 Ala. 331; Munroe v. Pritchett, 16 Ala. 785, 50 Am. Dec. 203; Prestwood v. Carlton, 162 Ala. 327, 333, 50 South. 254; Corry v. Sylvia y Cia, 192 Ala. 550, 68 South. 892; Code, §§ 4298, 4299. In equity the question of costs rests largely in the discretion of the chancellor (Code, § 3222; Connor v. Armstrong, 91 Ala. 265, 9 South. 816; Kitchell v. Jackson, 71 Ala. 556; Ex parte Robinson, 72 Ala. 389), and the taxation thereof may be varied on appeal, as the justice of the case may require (Hunt v. Rewin, 4 S. & P. 138; Alexander v. Alexander, 5 Ala. 517; Allen v. Lewis, 74 Ala. 379; Am. Ch. Dig. 117). It was held by Chancellor Kent that where the parties stand equally fair, the actor, he who brings the other into court, ought to pay the expenses. Catlin v. Harned, 3 Johns. Ch. (N. Y.) 61; Alexander v. Alexander, supra, 5 Ala. p. 521.

[4] Though appellant was ready, able, and willing to pay the just and true amount of the balance due on the purchase price of the land, to avoid interest thereafter accruing on such amount, he should have tendered the entire amount, including interest, and made good the tender by paying such amount into court. Code, § 5334; McCalley v. Otey, 99 Ala. 584, 589, 12 South. 406, 42 Am. St. Rep. 87.

[5] If the value of the improvements was deducted from the purchase price of the land, in order to arrive at a true estimate of its average acre value—as a basis for abatement of the purchase money for the deficiency of acreage—the decree must be reversed. The highest estimate placed on the improvements was by appellant, who fixed the value of the buildings at $825, and that of the machinery at $425. If the sum of these items were deducted from the purchase price, $2,800, and the remainder divided by 253 (acres), the average value per acre of the land alone would be more than $6, the

value found by the decree of the court. However, according to the preponderance of the evidence, the improvements on the lands are worth greatly less than the figure fixed by appellee as a witness in his own behalf.

If the vendor fraudulently represented the given tract to include other land, land not owned by him, the measure of damages, the result of the misrepresentations as to the area sold, would be the difference between the value of the land actually sold and the value of the lands represented or purported to be sold.

One cannot read this testimony without being impressed that Manning was induced to think he was purchasing, and that he intended to purchase, in the tract pointed out and represented to him by appellee to contain 253 acres, that identical tract of land and number of acres, and not a greatly less acreage, and that this represented acreage was an essential and controlling inducement to the consummation of the purchase by appellant. On the point under discussion this court, in Hodges v. Denny, 86 Ala. 226, 228, 229, 5 South. 492, 494, said:

"* * * It has been repeatedly affirmed that when land is described in a bond or deed by well-defined boundaries, such as by its designation according to the government survey, or by natural or artificial metes and bounds, or courses and distances, open to observation, and not subject to mistake, a statement of quantity following the description is regarded as a part of the description, and not of the essence of the contract. By such sale, both parties take upon themselves the risk as to quantity. The purchaser is entitled to all the land included in the tract specifically described, though greater than the quantity stated, and the vendor is not liable if there be a deficiency. In such case, in the absence of fraud, or gross and palpable mistake, or an omission to truly express the contract, parol proof, varying or contradicting the terms of the conveyance, is inadmissible, even in equity. * * * A different rule governs when it is apparent from the conveyance that the land is not described by definite and certain boundaries, which furnish the standard of quantity; and the representation of the number of acres is an essential ingredient of the contract, regulating the aggregate sum to be paid. In such case, if there be a material and substantial variance, equity will place the parties in the same relative condition in which they would have stood had the real quantity been known at the time of the bargain."

In the instant case the deed, by well-defined boundaries designated by government surveys, described 440 acres, less certain lands embraced in an excepted description that only a surveyor could well understand, and also less that land described as "all east of Mulberry creek of the south east fourth of the south east fourth, also all north of the Clanton road of the north east fourth of the south east fourth of section 4, township 21, range 13 east," and contained the further statement that the lands conveyed comprised "253 acres more or less, situated in Chilton county, Alabama." In the warranty clause there was this statement:

That the grantors were seized "in fee simple of said premises; * * * that we have a good right to sell and convey the same as aforesaid."

It is not disputed that the grantor listed the lands in controversy with his agent, for sale, as comprising 253 acres, describing them specifically as follows:

"178 acres comparatively level; 78 rolling; * * * 89 in cultivation;" "54 acres pasture; * * * 110 acres woodland"

—nor that said agent sold the same on such representation and description; nor that the vendor several times represented to appellant this number of acres as being contained in the tract sold or sought to be sold.

[6] From the whole evidence we have no doubt that the designated acreage represented to be contained in said tract (253) was an inducement to, or ingredient of, the contract of purchase by respondent; and we hold that it was not descriptive merely. S. I. & S. Co. v. Stowers, 189 Ala. 314, 322, 66 South. 677; Frederick v. Youngblood, 19 Ala. 680, 54 Am. Rep. 209. As to this gross and palpable mistake or fraud on the part of the vendor, parol proof was properly admitted to establish the truth; and by such proof the indefinite exceptions and terms of the conveyance may be explained. Of necessity the effect of such proof in this case was to vary or contradict in equity the very terms of the conveyance. Hess v. Cheney, 83 Ala. 251, 3 South. 791; Rogers v. Peebles, 72 Ala. 529; Carter v. Beck, 40 Ala. 599; Wright v. Wright, 34 Ala. 194; Hodges v. Denny, supra.

[7] By his cross-bill and answer Manning elected to take what land was actually conveyed to him and in possession of which he had been placed, and insisted that compensation be made him by "abatement of the purchase money" for the deficiency. This election he had the right to make. Manning v. Carter, supra; Williams v. Neal, 152 Ala. 435, 44 South. 551; Hodges v. Denny, supra; Bell v. Thompson, 34 Ala. 633.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.