(97 South. 80)

### ENSLEN v. WOODLAWN REALTY & DEVELOPMENT CO.   (6 Div. 892.)

(Supreme Court of Alabama.   June 14, 1923.)

**1. Specific performance  ⚖➟114(1)—Bill by purchaser held sufficient as against demurrer.**

A bill by a purchaser for specific performance of the contract for the sale of land which exhibits an enforceable contract shows that it was the property of the vendor at the time he agreed to sell it, that the purchaser had been at all times ready, willing, and able to perform his obligation and offered to do complete equity, is sufficient as against demurrer.

**2. Specific performance ⚖➟119—No presumption that title had been rendered unconveyable by foreclosure of outstanding mortgage.**

Where the contract which the purchaser sought to have specifically enforced was for the sale of land subject to an outstanding mortgage, there is no presumption that since the execution of the contract the mortgage has been foreclosed and the title rendered unconveyable; but, if such is the fact, it is defensive matter and must be set up by way of answer.

**3. Specific performance ⚖➟105(3)—Mere delay held not to make the bill demurrable for laches.**

The mere fact that a bill for specific performance was filed five years after the execution of the contract of sale does not render the bill demurrable on the ground of the laches of complainant, under rule that where laches rests upon delay only, and that delay appears on the face of the bill to have been short of the period of limitation, relief is not barred.

**4. Specific performance ⚖➟105(3)—Defense of laches not available if vendor is equally responsible for delay.**

The defense of laches, when asserted by answer, is not available in a suit for specific performance, if it appears that the vendor, who was respondent in the suit, was as much responsible for the delay as the complainant.

Appeal from Circuit Court, Jefferson County; Wm. M. Walker, Judge.

Bill for specific performance by S. O. Enslen against the Woodlawn Realty & Development Company.   From a decree sustaining demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

Roy McCullough and James A. Mitchell, both of Birmingham, for appellant.

The bill alleges readiness, willingness, and ability to pay the remainder of the purchase price according to the terms of the contract, demand upon and refusal by defendant, and contains an offer to do complete equity. This is sufficient. 36 Cyc. 779; Ashurst v. Peck, 101 Ala. 499, 14 South. 541; Taylor v. Newton, 152 Ala. 459, 44 South. 583; Zirkle v. Ball, 171 Ala. 568, 54 South. 1000; Bell v. Thompson, 34 Ala. 633. Staleness as a bar is never, without special circumstances, fixed at a period less than the statute of limitations; nor is the right to specific performance lost where the vendor is as much responsible as the vendee. Gulf Cedar Co. v. Crenshaw, 138 Ala. 144, 35 South. 50; First Nat. Bank v. Nelson, 106 Ala. 542, 18 South. 154; Gainer v. Jones, 176 Ala. 408, 58 South. 288; 36 Cyc. 731.

Smith, Wilkinson & Smith, of Birmingham, for appellee.

No brief reached the Reporter.

SOMERVILLE, J.   The bill of complaint is filed by the vendee to compel the specific performance of a contract for the sale of land.

---

⚖➟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The bill exhibits a valid and enforceable contract for the sale of the land in question, and shows that it was the property of the vendor at the time he agreed to sell it to complainant; it shows that the complainant has been at all times ready, willing, and able to perform every obligation resting upon himself under the terms of the contract; and it offers to do complete equity, and to submit and conform to all orders of the court in the premises.

Though some of our early cases were more exacting, it is now well settled that a bill for specific performance by a vendee of land, containing those allegations and showings, is sufficient as against demurrer and entitles the complainant to relief. Jenkins v. Harrison, 66 Ala. 345, 352, 353; Ashurst v. Peck, 101 Ala. 499, 509, 14 South. 541; Zirkle v. Ball, 171 Ala. 568, 54 South. 1000; Taylor v. Newton, 152 Ala. 459, 44 South. 583; Campbell v. Lombardo, 153 Ala. 489, 44 South. 862; Eason v. Roe, 185 Ala. 71, 64 South. 55.

In this case the bill goes further than was required, and shows an offer by the vendee "within a reasonable time" to pay the balance of the purchase money, and to assume the outstanding mortgage indebtedness in any way required by the vendor; and shows that the vendor refused to perform.

[2] There is no presumption that the outstanding mortgage has been foreclosed, and the title rendered unconveyable. If such is the fact, it is defensive matter and must be set up by way of answer.

[3] The mere fact that the bill is filed five years, one month, and twelve days, after the execution of the contract of sale, does not show laches on the part of the vendee in the enforcement of the contract, so as to render the bill demurrable on that ground. "In a case where the charge of laches rests upon delay only, and that delay appears on the face of the bill to have been short of the period of limitation, the reason of the rule of analogy obviously would require that special circumstances operating to destroy the right asserted should be brought forward by way of defense." Fowler v. Ala. I. & S. Co., 164 Ala. 414, 420, 51 South. 393, 395; Gulf Cedar Co. v. Crenshaw, 138 Ala. 144, 35 South. 50; First National Bank v. Nelson, 106 Ala. 542, 18 South. 154.

[4] And if, when so asserted by answer, it should appear that the vendor is as much responsible for the delay as the purchaser, the defense of laches is not available. Gainer v. Jones, 176 Ala. 408, 58 South. 288.

The bill as amended was not subject to demurrer, and the demurrer was improperly sustained.

For this error the decree of the circuit court will be reversed, a decree will be here rendered overruling the demurrer, and the cause will be remanded for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.