(107 So. 92)

## MILTON REALTY CO., et al. v. WILSON et al. (6 Div. 540.)

(Supreme Court of Alabama. Jan. 14, 1926.)

1. Specific performance ⬤➡114(4)—Bill seeking specific performance, on abatement of purchase price of realty, and accounting, held sufficient against demurrer.

A bill, seeking specific performance of contract, on abatement of purchase price of realty, and accounting, which averred readiness, willingness, and ability of complainants to perform as to what is just and right, and that complainants paid a large part of the purchase price, made valuable improvements, and inability of respondents to convey all of the property conveyed, held sufficient against demurrer.

2. Specific performance ⬤➡116½—Averment in bill as to complainants' demand for, and respondents' refusal of, performance held sufficient.

Where original bill for specific performance of contract, on abatement of the purchase price of realty, and an accounting, alleged there was a deficiency in front footage and damage to complainants by virtue of construction of valuable improvements and payment of large part of purchase price, amendment to bill that respondents had been called upon for performance and refused their request held sufficient in equity.

3. Specific performance ⬤➡10(1) — Purchasers held entitled to specific performance by vendors with abatement of price for shortage in front footage.

Where complainant purchasers of land had no knowledge of a defect in the title of respondent vendors, nor notice, and made a substantial payment, valuable improvements, and occupied it as a homestead before acquiring knowledge of the defect in title to 13 feet of a 38-foot frontage, they were entitled to compel conveyance of whatever interest vendors had upon complainants' compliance with their part of the contract.

4. Specific performance ⬤➡10(1) — Court of equity is only proper forum to adjust rights and equities of parties to contract to avoid disastrous forfeitures.

In bill for specific performance of sale lease contract, on abatement of purchase price of realty and an accounting, court of equity held the only proper forum to adjust rights and equities of parties, in order to avoid disastrous forfeitures provided by the contract.

5. Vendor and purchaser ⬤➡176—Measure of damages on abatement of purchase price stated.

On abatement of purchase price, measure of damages is difference between value of land actually sold and that of land represented to have been sold.

6. Witnesses ⬤➡154—Testimony as to witness' transaction with complainants' agent, since deceased, was inadmissible.

Testimony as to witness' transaction with complainants' agent, since deceased, was inadmissible under Code 1923, § 7721.

7. Witnesses ⬤➡178(3)—Cross-examination of witness on matters brought out by other side was not waiver of inadmissibility of testimony of transaction with person since deceased.

Cross-examination of witness on matters brought out by other side was not waiver of inadmissibility of testimony of transaction with person since deceased, within Code 1923, § 7721,

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and did not render such testimony competent, in view of section 6565 providing no objection to such evidence is required to be made.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Lana Wilson and Lula Wilson against the Milton Realty Company and George Tribble. From a decree for complainants, respondents appeal. Affirmed.

Ritter, Wynn & Carmichael, of Birmingham, for appellants.

Where specific performance, with an abatement of purchase price, is sought, the bill must show appropriate demand upon defendant before bill filed, and refusal to comply with such demand. Bell v. Thompson, 34 Ala. 633; Carlisle v. Carlisle, 77 Ala. 343; Hart v. McClellan, 41 Ala. 253; Carter v. Thompson, 41 Ala. 380; McRae v. McDonald, 57 Ala. 426; Swift v. Swift, 36 Ala. 154; Daniel v. Collins, 57 Ala. 625; 11 Michie's Ala. Dig. 999. In such a case complainant is not entitled to relief, if at the time of making the contract he had notice or knowledge of defect in title to a part of the land conveyed. 5 Pomeroy's Eq. 5043, § 2256; 36 Cyc. 472; People's Sav. Bank v. Parisette, 67 N. E. 896; Peeler v. Levy, 26 N. J. Eq. 330; Planer v. Equitable Life Ins. Co. (N. J. Ch.) 37 A. 669; 25 R. C. L. 5047; Posley v. Peck, 192 Ill. App. 366; Nelson v. Lee (Ala. Sup.) 53 So. 1023. Equity will refuse to decree a conveyance with compensation or abatement for deficiency, if the court is unable fairly to compute the value of the deficiency. 5 Pomeroy's Eq. § 2259; C., M. & St. P. v. Durant, 44 Minn. 361, 46 N. W. 676. Such decree will be refused, if oppression or injustice would be worked on the adverse party. Tombigbee Valley R. Co. v. Fairford Lbr. Co., 155 Ala. 575, 47 So. 88; Homan v. Stewart, 103 Ala. 644, 16 So. 35; Moon v. Crowder, 72 Ala. 79; Nonamaker v. Amos, 73 Ohio St. 163, 76 N. E. 949, 4 L. R. A. (N. S.) 980, 112 Am. St. Rep. 708, 4 Ann. Cas. 170. A party wishing to exclude testimony on account of incompetency must object before the witness has testified. Drake v. Foster, 28 Ala. 649. If a party introduces or examines in chief a witness who has interests adverse to him, he thereby waives all objections to incompetency of the witness from interest, and confers on his adversary the right to examine the witness fully. Kelly v. Brooks, 25 Ala. 523; Stewart v. Connor, 13 Ala. 94; Gray v. Brown, 22 Ala. 262.

Edgar Allen, of Birmingham, for appellees.

The bill has equity. Enslen v. Woodlawn Co., 210 Ala. 40, 97 So. 80; 5 Pomeroy's Eq. 4980; Elliott v. Boaz, 9 Ala. 779. No demand on the part of complainants was necessary. Neal v. Williams, 168 Ala. 310, 53 So. 94; 26 Cyc. 740; 25 R. C. L. 249. Evidence of transactions between Tribble and complainant's agent, now deceased, was not admissible. Code 1923, §§ 6565, 7721; O'Neal v. Reynolds, 42 Ala. 197; Blount v. Bount, 158 Ala. 242, 48 So. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392; Davis v. Tarver, 65 Ala. 98: Scarborough v. Blackmon, 108 Ala. 656, 18 So. 735. Complainants are entitled to specific performance of whatever interest defendants have. Compensation demanded is not the sole object of the suit. 5 Pomeroy's Eq. 5043, 5044; Williams v. Kirkpatrick, 195 Ala. 563, 70 So. 742.

THOMAS, J. The bill had for its purpose specific performance on the abatement of the purchase price of real property, and an accounting between the parties, and prayed for general relief.

[1, 2] The bill is sufficient as against demurrer urged, and entitles complainants to relief, averring, as it does readiness, willingness, and ability to perform as to what is found just and right in the premises (Blackburn v. McGlaughlin, 202 Ala. 434, 80 So. 818; Simmons v. Henderson, 207 Ala. 692, 93 So. 624; Enslen v. Woodlawn, etc., Co., 210 Ala. 40, 97 So. 80); in view of its allegations that complainants had paid a large part of the purchase price, and made valuable improvements in the property as their home, and that respondents were unable to convey all the property contracted to be conveyed, for the reason that they did not own the 13 feet in question (Elliott v. Boaz, 9 Ala. 772, 779; 5 Pom. Eq., p. 4980, § 2231). The amendment to the bill, to the effect that respondents had been called upon for performance and refused that request, was sufficient in a court of equity, in view of the deficiency in front footage and damage to complainants in virtue of having made valuable improvements and paid a large part of the purchase price, as averred in the bill as originally filed. Manning v. Carter, 192 Ala. 307, 68 So. 909; same case, 201 Ala. 218, 77 So. 744; Bell v. Thompson, 34 Ala. 633; Hart v. McClellan, 41 Ala. 251; Carter v. Thompson, 41 Ala. 375; Carlisle v. Carlisle, 77 Ala. 339. Moreover, in a bill for specific performance on grounds stated, and to relieve against forfeiture of the nature indicated by the contract exhibited, no demand for performance, or for part performance, is required. Ala. Pub. Serv. Com. v. Mobile Gas Co., 213 Ala. 50, 104 So. 538; Neal v. Williams, 168 Ala. 310, 53 So. 94.

[3] The evidence, taken ore tenus in open court, does not disclose that complainants had knowledge of the deficiency or defect in the title of respondents, or had notice thereof when they purchased the property, partly paid for it, and improved it as a home. The court had all the evidence as to the respective values of the two tracts, and was enabled to compute and declare by the decree rendered the fair value of the abatement. Ray v. Watkins, 203 Ala. 683, 85 So. 25; Andrews v. Grey, 199 Ala. 152, 74 So. 62. The

purchasers, having paid about $800 on the purchase price, made valuable improvements on the property, and occupied it as a homestead before knowledge or notice of the failure of title of the sellers to 13 of the 38-foot frontage, were entitled as a matter of right to specific performance of whatever interest the sellers have, upon complainants' compliance with their part of the contract, as ascertained by a court of equity. Williams v. Kilpatrick, 195 Ala. 563, 70 So. 742; 5 Pom. Eq., p. 5042 et seq., § 2256.

[4] The bill avers that $800 of the purchase price has been duly paid pursuant to the contract, and it was of easy ascertainment as to what rebate should be given concerning the failure of title to the 13 feet as related to the other property and its value. In a case like this, where complainant is ready, willing, and able to comply with a decree of a court of equity, and where an award of abatement is prayed after accounting as to the respective rights of the parties under the sale lease contract to avoid the disastrous forfeitures provided by the contract (Ala. Pub. Serv. Com. v. Mobile Gas Co., 213 Ala. 50, 104 So. 538), a court of equity is the only proper forum to adjust the rights and equities of the parties. Oppression and injustice will not be worked upon the defendant by the decree made the basis of the appeal (Tombigbee Co. v. Lumber Co., 155 Ala. 575, 587, 47 So. 88; Lowery v. May, 213 Ala. 66, 104 So. 5).

[5] The measure of damages is the difference between the value of the land actually sold and that of the land represented and purported to have been sold. Manning v. Carter, 201 Ala. 218, 77 So. 744; same case, 192 Ala. 307, 68 So. 909.

[6, 7] The testimony sought to be elicited from Tribble as to his transactions with Stewart, the agent and attorney of complainants, after the death of Stewart, is protected by the provisions of section 7721 of the Code of 1923. Bush v. Bumgardner, 212 Ala. 456, 102 So. 629; Rogers v. Austill (Ala. Sup.) 104 So. 321;[1] Blount v. Blount, 158 Ala. 242, 48 So. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392. The due cross-examination of the witness upon the matter brought out by the other side was not a waiver or made competent the evidence offered. Scarborough v. Blackman, 108 Ala. 656, 18 So. 735. No objection to the evidence was required by the statute. Code, § 6565; Moore v. Moore, 212 Ala. 685, 103 So. 892; Cotton v. Cotton (Ala. Sup.) 104 So. 650;[2] Alabama, etc., Co. v. Jones, 213 Ala. 398, 104 So. 785; Mason v. Calhoun, 213 Ala. 491, 105 So. 643.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

