EDWARD N. SCRUGGS, Retired Circuit Judge.
The trial court granted a summary judgment against the plaintiff and in favor of Georgia Casualty & Surety Company (company) and its agent, Mr. Rogers (agent). The plaintiff appealed.
We have searched the entire record. The only evidence therein that creates any issue as to any material fact is contained in the plaintiff’s counter-affidavit and it concerns transactions between the plaintiff and the agent. In the counter-affidavit, the plaintiff states that the agent is now deceased.
There is no issue over Rogers’s agency relationship with the company.
Under the dead man’s statute (statute) and the hundreds of appellate opinions construing it, a living witness who has a pecuniary interest in the result of the civil action cannot testify as to a transaction with or statement made by a person who is no longer alive to contradict such testimony. . § 12-21-163, Code 1975. Briefly, the statute prohibits testimony where the following four facts co-exist: The evidence concerns a transaction with or a statement of a person who is presently deceased; the estate of the deceased will be affected by the outcome of the litigation; the witness has a pecuniary interest in the civil action; and the interest of the witness is adverse to that of the deceased or his estate. Lett v. Watts, 463 So.2d 138 (Ala.1984). A transaction with a deceased agent of a corporation is protected by the statute in a case against the corporation. Scott v. Southern Coach & Body Co., 280 Ala. 670, 197 So.2d 775 (1967); Milton Realty Co. v. Wilson, 214 Ala. 143, 107 So. 92 (1926).
The requisite four facts co-exist in this case. Consequently, the facts in the plaintiff’s counter-affidavit as to his transactions with the agent constitute prohibited testimony under the statute. We find nothing in the record which would constitute an exception and remove any application of the statute.
It is provided by Rule 56(e) of the Alabama Rules of Civil Procedure that both supporting and opposing affidavits as to a motion for a summary judgment “shall” set forth admissible facts and “shall” show affirmatively that the affiant is competent to testify to the matters stated therein. Those requirements are mandatory. Arrington v. Working Woman’s Home, 368 So.2d 851 (Ala.1979). As a result, statements in either a supporting or an opposing affidavit which are inadmissible as evidence cannot be considered by a court in ruling upon a motion for a summary judgment. Hunter v. Austin Co., 336 So.2d 203 (Ala.Civ.App.), cert. denied, 336 So.2d 208 (Ala.1976).
Here, the plaintiff was not competent to testify to transactions with the deceased agent and such facts were not admissible in evidence because of the statute. Since those facts cannot be considered, the record discloses no genuine issue as to any material fact. The trial court properly granted the summary judgment.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the *764 provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.